*In re* SALLY T. JAMES.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* SALLY T. JAMES, Respondent-Appellant.)

Third District   No. 78-179

Opinion filed December 29, 1978.

Robert W. Esler and Jean A. Becker, both of Western Illinois Legal Assistance Foundation, of Rock Island, for appellant.

Edward Keefe, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the respondent, Sally T. James, from an order of the circuit court of Rock Island County which found her in need of hospitalization for mental treatment.

The respondent in this appeal raises several issues. The first alleged

procedural error raised by the respondent is that she was denied a trial by jury.

It is conceded by the State that the respondent through a friend made a demand for a trial by jury and the record does not disclose that this demand was later withdrawn or a trial by jury waived. The Illinois Mental Health Code provides:

> "The patient, his spouse, any relative or friend, or an attorney appearing for any of them, may demand that the question of need for mental treatment or need of treatment of mental retardation be heard by jury." Ill. Rev. Stat. 1977, ch. 91½, par. 9—2.

■■ Our supreme court has held that our State Constitution of 1870 did not require a jury trial in proceedings to commit an individual for mental treatment. (See *People ex rel. Keith v. Keith* (1967), 38 Ill. 2d 405, 231 N.E.2d 387.) We are unaware of any case which addressed itself to this precise question since the adoption of our Constitution of 1970. We need not be concerned, however, with this constitutional question since the provisions of our Mental Health Code clearly grant the right to a trial by jury when requested in proceedings to commit for mental treatment. (See Ill. Rev. Stat. 1977, ch. 91½, par. 9—2; *People v. Gerich* (1974), 22 Ill. App. 3d 575, 317 N.E.2d 724.) As we have previously noted, the respondent in the instant case through a friend made a demand for trial by jury. There is no indication in the record that this demand was subsequently withdrawn and the record is further devoid of any ruling on the demand. The denial of this right guaranteed by statute constitutes reversible error.

The respondent next assigns as error the trial court's refusal to permit her to be present during that portion of the trial when medical testimony was adduced. The relevant provision of the Mental Health Code provides:

> "The patient must be present at any hearing or trial held under this Act unless the attorney for the patient waives the patient's presence and the court is satisfied by a clear and positive showing that the attendance of the patient would cause serious risk of physical or emotional injury to him, in which circumstances the judge * * * shall personally observe and confer with the patient." (Ill. Rev. Stat. 1977, ch. 91½, par. 9—4.)

The public defender representing the respondent objected to medical testimony being received outside the presence of his client. This objection was overruled with the following comment by the court:

> "I think that it is better as far as the patient is concerned that the doctors read the report of the hospital while the patient is not here and if you wish you can interrogate the doctor after the patient is here relative to anything in the record or the medical report and

the patient. But until the doctor is done I think the patient should be out in most cases, so your request is denied * * *."

■■ An examination of the trial court's comments discloses that the procedure followed fails to follow the statutory requirements of the statute in that there was no finding that the respondent's testimony would cause her physical or emotional harm. Unless there is such a finding the respondent was entitled to be present during the medical testimony portion of the trial. Medical testimony must be adduced to support a State's petition for hospitalization. (*People v. Sansone* (1974), 18 Ill. App. 3d 315, 309 N.E.2d 733.) Unless there is a specific finding that emotional or physical harm would result from a respondent's presence in the courtroom, that individual should be permitted to be present for the purpose of aiding and assisting counsel in interposing objections to the testimony and in cross-examining the witness.

We can conclude that the respondent was denied a statutory right when she was barred from being present during a critical portion of the hearing on the petition for hospitalization and that the denial of such right constitutes reversible error.

■■■ Lastly, it is the contention of the respondent that the judgment of commitment entered by the trial court is not supported by the evidence. We agree with the respondent. A minute examination of the evidence is not necessary in that the medical testimony submitted by the State should have been excluded on the grounds that the State failed to properly lay a foundation that the doctor testifying personally examined the respondent. (See *In re Whitehouse* (1977), 56 Ill. App. 3d 245, 371 N.E.2d 990.) We are cognizant of the fact that in the instant case no objection to the medical testimony was made by counsel for the respondent. Having previously concluded that error was committed by the trial court in barring the respondent from being present in the courtroom when medical testimony was being adduced by the State, it thereby follows that failure to object to the same does not constitute a waiver of the requirement that such testimony must be based upon a personal examination of an individual allegedly in need of commitment. The respondent was represented by the public defender, and we cannot surmise that he was aware of the fact that his client had or had not been examined by the physician testifying for the State. Had the respondent been present during this portion of the hearing she could well have advised her attorney as to whether or not she had been personally examined regarding her alleged mental problems. The medical testimony of the State should have been excluded, and without the same the judgment of commitment was not supported by the evidence.

For the reasons set forth the order of the circuit court of Rock Island

County finding the respondent in need of hospitalization for mental treatment is reversed.

Reversed.

ALLOY and STOUDER, JJ., concur.