(No. 40469.—

THE PEOPLE *ex rel.* Harold Keith, Appellee, *vs.* GLENN KEITH, Appellant.

*Opinion filed November 30, 1967.*

406

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, for appellant.

JOHN J. STAMOS, State's Attorney, of Chicago, (EDWARD HLADIS and DONALD J. VEVERKA, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County which found the respondent, Glenn Keith, in need of mental treatment and ordered him hospitalized at the Elgin State Hospital. A petition which alleged that he was in need of mental treatment and requested his emergency admission to a mental hospital was filed by his son. (Ill. Rev. Stat. 1965, chap. 91½, pars. 8—1 through 8—6.) The public defender, representing the respondent, requested a jury trial. Section 8—6 of the Mental Health Code provided for a jury "of six persons, at least one of whom shall be a physician if the allegation is one of need of mental treatment, * * *." (Ill. Rev. Stat. 1965, chap. 91½, par. 8—6; cf. 1967, chap. 91½, par. 8—6.) The respondent's attorney moved to exclude the physician from the jury on the ground that the statutory requirement is unconstitutional. The motion was overruled. At the trial the assistant State's Attorney called the respondent, over objection, as an adverse witness. (Ill. Rev. Stat. 1965, chap. 110, par. 60.) A psychiatrist who had examined him also testified, and the jury found that the respondent was in need of

mental treatment. The court ordered him committed to the Elgin State Hospital.

The respondent does not object to the statutory provision for a jury of six, but he asserts that the requirement that one of the six be a physician deprived him of the jury trial guaranteed by section 5 of article II of the constitution of Illinois, and also deprived him of the due process guaranteed by the fourteenth amendment to the constitution of the United States. He also contends that the trial court erred in compelling him to testify over his objection.

The respondent does not contend that a right to a jury trial existed at common law in mental commitment cases. He asserts, nevertheless, that the constitution of Illinois grants him that right. To establish it he points to certain statutes enacted before 1848 which, at least in some situations, provided that mental condition should be determined by a jury in the circuit court. These statutes, he contends, were elevated to constitutional status by section 6 of article XIII of the constitution of 1848, which provided "the right of trial by jury shall remain inviolate." We do not analyze the provisions of the various statutes relating to mentally disabled persons (see *e.g.* Revised Statutes, 1845, chap. L) for, despite changes in the wording of the three constitutions of Illinois, the scope of the constitutional right of trial by jury has remained unchanged. "The constitution of 1818 provided that 'the right of trial by jury shall remain inviolate;' that of 1848, that 'the right of trial by jury shall remain inviolate and shall extend to all cases at law without regard to the amount in controversy;' and that of 1870, that 'the right of trial by jury, as heretofore enjoyed, shall remain inviolate, but the trial of civil cases, before justices of the peace, by a jury of less than twelve men, may be authorized by law.' * * * The constitutional provisions we have cited were designed simply to secure the right of trial by jury in all tribunals exercising common law jurisdiction, as it had theretofore been enjoyed. It was not in-

tended to confer the right in any class of cases where it had not previously existed. Nor was it intended to introduce it into special summary jurisdictions unknown to the common law, and which do not provide for that mode of trial." *Ward v. Farwell,* 97 Ill. 593, 612, 614-15.

This interpretation has been consistently followed. "If the language, 'the right of trial by jury as heretofore enjoyed shall remain inviolate,' shall be construed to mean that the system of trial by jury as it existed by statute at the time the constitution of 1870 was adopted was engrafted on and became a part of the constitution, as is contended, many embarrassing results never contemplated would follow." (*George v. People,* 167 Ill. 447, 457.) "The constitutional provision invoked was not intended to guarantee trial by jury in special or statutory proceedings unknown to the common law. *Research Hospital v. Continental Illinois Bank and Trust Co.,* 352 Ill. 510, 521; *Lindsay v. Lindsay,* 257 *id.* 328; *Moody v. Found,* 208 *id.* 78; *Keith v. Henkleman,* 173 *id.* 137; *Maynard v. Richards,* 166 *id.* 466, 486; *People v. Hill,* 163 *id.* 186; *In the Matter of the Petition of Ferrier,* 103 *id.* 367; *Ward v. Farwell,* 97 *id.* 593." *People v. Niesman,* 356 Ill. 322, 327.

We hold, therefore, that the constitution of Illinois does not require a jury trial in a proceeding to commit for mental treatment.

The respondent's due process attack centers upon the composition of the tribunal that determines the need for mental treatment. He would be satisfied with a lay jury of twelve—or of six,—or with a panel of experts. He would also be satisfied to submit the determination to a single judge. But he contends that the required presence of a physician as a member of the statutory jury of six deprives him of due process of law under the State and Federal constitutions. Even though a jury trial is not constitutionally required, he argues, the State may not commit the determination of mental condition to a tribunal that is neither a

common-law jury, a panel composed entirely of persons with professional qualifications, or a single judge. Such a tribunal, the respondent says, is not "a constitutional fact-finder."

If there is a consensus as to the most appropriate tribunal to make the difficult determination sometimes involved in mental commitment cases, we are not aware of it. It has been said that only thirteen jurisdictions authorize the use of a jury to determine the need for hospitalization because of mental condition, and that in many of these jurisdictions the authorization is restricted. (Lindman and McIntyre, (1961) The Mentally Disabled and the Law, 28.) The use of laymen to make determinations as to mental commitments has been strongly criticized, and a draft act on hospitalization prepared by the National Institute of Mental Health makes no provision for a jury determination. (See Lindman and McIntyre, The Mentally Disabled and the Law, 27-28, 401-2.) On the other hand, it is also argued that psychiatrists should not be permitted to determine the advisability of commitment for treatment in a mental hospital. (Civil Commitment of the Mentally Ill, 79 Harv. L. Rev. 1288, 1296.) The British Mental Health Act of 1959 provides that "[s]ubject to rules made by the Lord Chancellor * * * the members who are to constitute a Mental Health Review Tribunal * * * shall be appointed by the chairman of that Tribunal * * * and of the members so appointed—(a) one or more shall be appointed from the legal members; (b) one or more shall be appointed from the medical members; and (c) one or more shall be appointed from the members who are neither legal nor medical members." Mental Health Act of 1959, 7 & 8 Eliz. 2, c. 72, sched. 1.

The due process question is whether the composition of the tribunal is so inappropriate as to be fundamentally unfair. That the members of the court might think that an agency differently composed would be preferable is ir-

relevant. The defendant argues that a physician, by reason of his professional qualifications, knows the meaning of medical terms that must be explained to the other jurors. "So he is able to arrive at a personal conclusion that may or may not be the same as that of the other jurors. If it is the same, it is still the product of a different orientation and expertise." But a uniform level of knowledge and experience is neither attainable nor constitutionally required in the case of a jury or any other multi-member tribunal. The General Assembly's deliberate infusion of a degree of specialized knowledge in an effort to achieve a blend of lay and expert judgment does not, in our opinion, violate due process of law.

The final contention is that a respondent in a mental commitment proceeding "cannot be called to the witness stand to testify against his will and against the advice of counsel and over timely objections." To do so, he argues, violates his privilege against self-incrimination under section 10 of article II of the constitution of Illinois and under the fifth amendment to the constitution of the United States. See *Malloy* v. *Hogan,* 378 U.S. 1, 12 L. Ed. 2d 653.

The privilege, which is available in any proceeding, guards against the compulsory disclosure of facts tending to establish criminal liability. The respondent was called as a witness under section 60 of the Civil Practice Act. (Ill. Rev. Stat. 1965, chap. 110, par. 60.) The proceeding is civil in nature (Ill. Rev. Stat. 1965, chap. 91½, pars. 2—3, 8—6), and does not inevitably necessitate testimony concerning criminal conduct.

A similar question was presented in *People* v. *English,* 31 Ill.2d 301, a proceeding under the Sexually Dangerous Persons Act. (Ill. Rev. Stat. 1965, chap. 38, pars. 105—1.01 through 105—12.) There the defendant contended that because of the privilege he could not be compelled to submit to a psychiatric examination. The court rejected the contention, but held that he could not be compelled to answer

questions that might expose him to criminal liability. (See also, *People* v. *Bruckman,* 33 Ill.2d 150; *People* v. *Nastasio,* 19 Ill.2d 524; *People* v. *Capoldi,* 10 Ill.2d 261.) It is not suggested that the respondent's testimony in the present case tended to incriminate him, and the fact that it revealed a mental condition which required confinement for treatment does not bring it within the privilege.

The order of the circuit court of Cook County is affirmed.

*Order affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.