**Leon PEPIN**

v.

**AMERICAN UNIVERSAL INSURANCE CO.**

**Lena RICCI et al.**

v.

**INSURANCE COMPANY OF NORTH AMERICA.**

Nos. 87–230–Appeal, 87–386–Appeal.

Supreme Court of Rhode Island.

April 20, 1988.

William G. Savastanto, North Smithfield, for Pepin.

Ronald J. Resmini, Providence, for Ricci.

James Marusak, Providence, for American Universal.

David P. Whitman, Providence, for Ins. Co. of North America.

## OPINION

SHEA, Justice.

These cases are consolidated for appeal. The plaintiffs appeal from Superior Court orders denying their motions to confirm arbitration awards. Both of these arbitration awards were in excess of $25,000. In both cases the trial justice[1] ruled that a clause in the uninsured-motorist-coverage section of the plaintiffs' insurance contracts that allows either party to demand trial de novo when an arbitration award exceeds $25,000 was enforceable. We reverse.

The material facts of both cases are virtually identical. Both plaintiffs suffered injuries resulting from automobile collisions with uninsured motorists. They each made claims under the uninsured-motorist-coverage sections of their insurance contracts. After plaintiffs and their insurers failed to agree on settlement of their claims, plaintiffs exercised their contractual right to demand arbitration. The contracts provided in relevant part:

"If [the insurer] and a *covered person* do not agree:

   1. Whether that person is legally entitled to recover damages under this Part; or

   2. As to the amount of damages; either party may make a written demand for arbitration."

In each case three-member arbitration panels were formed and heard arguments

---

1. The same trial justice presided in both cases.

from the parties. On October 6, 1986, plaintiff Ricci was awarded $26,485.75. On December 17, 1986, plaintiff Pepin was awarded $40,000. Each plaintiff then moved to have the awards confirmed by the Superior Court.

Both defendant insurance companies opposed plaintiffs' motions. They also exercised what they believed to be contractual rights to demand trials de novo. They relied on the provisions in the insurance policies that state in relevant part:

"A decision agreed to by two of the arbitrators will be binding as to:

\* \* \* \* \* \*

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which *your covered auto* is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial."

The defendants argued that because the awards were above the $25,000 minimum limit for bodily injury under G.L. 1956 (1982 Reenactment) § 31–31–7, they were entitled to demand trials de novo. The plaintiffs responded that the trial de novo provisions in the contracts run in direct contradiction to the Arbitration Act by allowing a party to escape enforcement of a valid arbitration decision.

We have repeatedly stated that the purpose of arbitration is to provide a quick and inexpensive means finally to resolve a dispute. For example, in *Dutson v. Nationwide Mutual Insurance Co.*, 119 R.I. 801, 805, 383 A.2d 597, 599 (1978), we stated, "The whole purpose of arbitration is to provide an alternative procedure whereby two or more parties can finally resolve their differences in an expeditious and economical proceeding." Similarly, in *Soprano v. American Hardware Mutual Insurance Co.*, 491 A.2d 1008, 1011 (R.I. 1985), we stated, "One of the most significant advantages of arbitration \* \* \* is that it is a relatively prompt means of concluding a dispute."

"Arbitration is a desirable method of dispute resolution that long has been favored by the courts." *Soprano*, 491 A.2d at 1011. The Legislature has also endorsed and encompassed this "favored status" in the Arbitration Act. General Laws 1956 (1985 Reenactment) § 10–3–2 states in pertinent part:

"When clearly written and expressed, a provision in a written contract to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two (2) or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract \* \* \* and provided further, that in all contracts of insurance, wherein the provision for arbitration is not placed immediately before the testimonium clause or the signature of the parties, said arbitration procedure may be enforced at the option of the insured, and in the event the insured exercises said option to arbitrate, then the provisions of this chapter shall apply and be the exclusive remedy available to the insured."

The contract provisions relied upon by defendants attempt to bypass § 10–3–2 by setting up an escape hatch for parties disappointed with an arbitration award. The whole purpose of arbitration, namely, providing an expedient and inexpensive mechanism for finally resolving disputes, is thereby circumvented.

When faced with the same issue as the one before us, several of our sister states have found these types of contract provisions void as against public policy. *See, e.g., Schmidt v. Midwest Family Mutual Insurance Co.*, 413 N.W.2d 178 (Minn. 1987); *Nationwide Mutual Insurance Co. v. Marsh*, 15 Ohio St. 3d 107, 472 N.E.2d 1061 (1984) (Sweeney, J., concurring).

In enacting § 10–3–2, the Legislature intended to create a right to binding arbitration. Contract provisions like the ones in

question in this case frustrate that right. We therefore find that the provisions in the insurance contracts allowing either party to demand trials de novo when arbitration awards exceed the minimum limits for bodily injury liability are void as against public policy.

For these reasons we hold that it was error to deny each of the plaintiffs' motions to confirm. Accordingly, the plaintiffs' appeals are sustained, the judgments appealed from are reversed, and the papers of the cases are remanded to the Superior Court for entry of judgments for the plaintiffs.