Catia SLAIMAN

v.

ALLSTATE INSURANCE COMPANY.

No. 92–91–Appeal.

Supreme Court of Rhode Island.

Nov. 19, 1992.

ORDER

This case came before a three-member panel of this court on November 17, 1992, pursuant to an order directed to both parties to appear and show cause why the issues raised by the plaintiff's appeal should not be summarily decided. After considering the arguments and memoranda of counsel, we are of the opinion that the parties failed to show cause.

The facts in this case are as follows. On or about May 5, 1987 an automobile driven by Paul Faella struck plaintiff's automobile and plaintiff suffered personal injury as a result of the accident. The plaintiff settled with Faella for $25,000. The plaintiff then filed an uninsured motorist claim with defendant, Allstate Insurance Company (Allstate). The claim went to arbitration and the arbitrator awarded plaintiff $10,000, exclusive of interest.

Arguing that the arbitration award was grossly inadequate, plaintiff requested a trial de novo in Superior Court on the issue of damages pursuant to the terms of her insurance policy. The insurance policy contained the following language:

"Regardless of the method of arbitration, when any arbitration award exceeds the Financial Responsibility limits in the State of Rhode Island, either party has a right to trial on all the issues in a court of competent jurisdiction."

The Financial Responsibility limit in Rhode Island is $25,000. The plaintiff claims that we should combine the $25,000 settlement with Paul Faella with the $10,000 arbitration award, determine that she meets the requirements of the clause in the insurance policy, and allow her to proceed to trial.

We need not reach the question of whether plaintiff can combine the $25,000 settlement with the $10,000 arbitration award. In *Pepin v. American Universal Ins. Co.*, 540 A.2d 21, 22–23 (R.I.1988) we found clauses in insurance contracts which grant either party the right to a trial de novo if an arbitrator grants an award in excess of the minimum limits for bodily injury to be void and against public policy. The plaintiff argues that *Pepin* only intended to prohibit the insurance company from demanding a trial de novo. We disagree. *Pepin* clearly prevents both the insurer and the insured from avoiding arbitration awards.

For these reasons, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court.

FAY, C.J., did not participate.