## GENERAL ACCIDENT INSURANCE CO.

v.

## Lynn BRODEUR.

### No. 93–401–Appeal.

Supreme Court of Rhode Island.

April 14, 1994.

Robert Dumouchel, Jessica Papazian-Ross, Providence.

Mark L. Smith, Providence.

### ORDER

This case came before the Supreme Court on April 7, 1994, pursuant to an order that directed Lynn Brodeur (defendant) to show cause why her appeal of a Superior Court order confirming an arbitration award should not be denied and dismissed.

After reviewing the memoranda submitted by the parties and after considering the arguments of counsel at oral argument, we are of the opinion that cause has not been shown.

The defendant had suffered bodily injury in an automobile accident, and she qualified as a named insured under the uninsured motorist section of a policy issued by General Accident Insurance Co. (plaintiff). The plaintiff filed a petition to confirm an arbitration award following defendant's rejection of the arbitration award and following defendant's demand for a trial de novo. The arbitration award for $12,713 was less than the minimum coverage limit of $25,000 specified under The Financial Responsibility Statute, G.L. 1956 (1991 Reenactment) § 31–31–7. The trial court granted plaintiff's petition to confirm and entered an order confirming the arbitration award.

The defendant argued on appeal that the insurance policy provided that "either party may demand the right to a trial within sixty (60) days of the arbitrator's decision." This provision, however, only applies where the amount of awarded damages exceeds the minimum limit, $25,000, for bodily injury specified in § 31–31–7, clearly not the case here. Furthermore, even if the award had exceeded the minimum coverage limit, a trial de novo would be precluded by our holding in *Pepin v. American Universal Insurance Co.*, 540 A.2d 21 (R.I.1988). In *Pepin*, this court held that an insurance policy provision allowing either party to demand a trial de novo if an arbitration award exceeded the minimum limit for bodily injury liability was void as against public policy. *Id.* at 23.

Although the defendant satisfied the notice provision of the policy, she did not comply with statutory provisions, § 10–3–12 through § 10–3–14, controlling the vacating of an arbitration award. Finally, the defendant's argument that *Pepin*'s holding infringes on the defendant's due process rights is raised for the first time on appeal. It is well settled that this court will not consider an issue on appeal that was not raised before the trial court. *Bouchard v. Clark*, 581 A.2d 715 (R.I. 1990).

We, therefore, deny and dismiss the appeal and affirm the judgment of the trial court.