[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on plaintiff's petition for declaratory judgment. The parties have filed cross motions for summary judgment pursuant to R.C.P. 56.
Facts and Travel
The facts of this matter are not in dispute. On April 13, 1993, the plaintiff, Kathleen Houle ("plaintiff"), was injured when her automobile was stolen from a convenience store parking lot in Warwick, Rhode Island. The plaintiff had parked in front of the store and had left the engine running while she went inside the store. When she returned to her car, the plaintiff was approached by a man who pushed her out of the way and then stole her car. The plaintiff was injured when she was struck by her car as the thief fled. The thief was later identified and apprehended.
At the time of the incident, plaintiff's vehicle was insured by the defendant, Progressive Casualty Insurance Company ("defendant"). The policy provided both liability and uninsured motorist coverage. On April 23, 1993, plaintiff made a claim under both her liability and uninsured motorist coverage for injuries sustained during the incident. The defendant denied coverage under both the liability and uninsured motorist provisions. Thereafter, plaintiff filed this declaratory judgment action. Plaintiff is no longer pressing her claim under the liability provision.
Standard of Review
Summary judgment should be granted when there exists no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. Alfano v. Landers,585 A.2d 651, 652 (R.I. 1991). The Court must recognize that summary judgment is a drastic remedy which should be cautiously applied.Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). In passing on a motion for summary judgment, the trial justice must review the pleadings, affidavits, admissions, and similar matters in the light most favorable to the non-moving party. O'Hara v. JohnHancock Mutual Life Ins. Co., 574 A.2d 135, 136 (R.I. 1990). The party opposing summary judgment may not rest upon mere allegations but has an affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial.Ouimette v. Moran, 541 A.2d 855, 856 (R.I. 1988).
Plaintiff contends that the policy is ambiguous and should be construed in favor of the insured. Further, plaintiff asserts that the exclusionary provision is void as against public policy. In contrast, defendant argues that the provisions are clear and unambiguous and prohibit recovery to the plaintiff for injuries arising out of this incident. The sole issue before this Court is whether plaintiff's uninsured motorist coverage is applicable in this case.
Uninsured Motorist Coverage
It is well established that this Court must apply the rules for construction of contracts when interpreting the terms of an insurance policy. Malo v. Aetna Casualty and Surety Co.,459 A.2d 954, 956 (R.I. 1983). If, after the policy is read in its entirety, the terms of the policy are found to be ambiguous or capable of more than one reasonable meaning, the policy will be strictly construed in favor of the insured. Aetna Casualty Surety Co. v. Sullivan, 633 A.2d 684, 686 (R.I. 1993). Further, it is well settled that this Court will strike any provisions of an insurance policy which it finds contrary to law or public policy. Pepin v. American Universal Insurance Co., 540 A.2d 21, 22 (R.I. 1988).
Initially, this Court must look at the language of the uninsured motorist provision. The policy, in pertinent part, provides:
 We will pay damages . . . which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:
 1. Bodily injury to a covered person;
`Covered person' as used in this Part means:
 1. You or any family member.
 2. Any other person occupying your covered auto.
 However, no person shall be considered a covered person if the person operating the covered auto
does so without the owner's express permission or outside the scope of that permission.
The plaintiff is the named insured on the policy and the vehicle she was operating was appropriately covered by the policy. Defendant asserts that plaintiff is excluded from coverage by the last provision in the definition of "covered person" which states that no person is a covered person if the driver of the covered auto drives without the owner's permission. This Court is persuaded by defendant's contention and finds that the contract is clear and unambiguous and under its plain and ordinary meaning plaintiff is not a covered person on the facts of this case.
Although this Court accepts defendant's interpretation of the policy, it finds such an exclusion, as it operates in this case, void as against public policy. Our Supreme Court has consistently held that provisions of uninsured motorist coverage which conflict with public policy are void. See Pepin, at 22.
General Law 1956 (1989 Reenactment) § 27-7-2.1 provides in pertinent part:
 No policy insuring against loss resulting from . . . bodily injury . . . suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state . . . unless coverage is provided . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles . . .
Section 27-2-2.1. The purpose of the uninsured motorist statute is to protect the named insured against financial loss resulting from the operation of an uninsured motor vehicle. Bartlett v.Amica Mutual Ins. Co., 593 A.2d 45, 49 (R.I. 1990). Under the exclusion provision in the subject policy, no one would be covered for injury arising out of a thief's use of the plaintiff's vehicle. This is clearly in opposition to the purpose underlying the uninsured motorist statute. Consequently, this Court finds that the policy language at issue which would exclude plaintiff from recovering under the uninsured motorist provision is contrary to public policy and is void as applied to this plaintiff.
Accordingly, defendant's motion for summary judgment is denied and plaintiff's cross motion for summary judgment is granted.
Counsel shall submit an appropriate judgment for entry.