(No. 84208.—

## JULIE REED, Appellee, v. FARMERS INSURANCE GROUP, Appellant.

*Opinion filed October 21, 1999.—Rehearing denied November 29, 1999.*

BILANDIC, J., joined by HEIPLE and HARRISON, JJ., dissenting.

Danny L. Worker, of Worker & Power, of Chicago, for appellant.

Donald K. Birner, of Pekin, for appellee.

JUSTICE MILLER delivered the opinion of the court:

The defendant, Farmers Insurance Group, brings this appeal from a decision by the appellate court (291 Ill. App. 3d 1068) that found part of section 143a of the Illinois Insurance Code (215 ILCS 5/143a (West 1996)) to be unconstitutional. Jurisdiction lies in this court pursuant to Supreme Court Rule 317. 134 Ill. 2d R. 317. We now reverse the judgment of the appellate court.

The plaintiff, Julie Reed, initiated the present action in the circuit court of Tazewell County, seeking a declaration that the arbitration requirement in the uninsured-motorist portion of the automobile insurance policy issued to her by the defendant was unenforceable. According to the allegations in the amended complaint, the plaintiff was injured on April 1, 1995, as she was driving in East Peoria. It appears that one vehicle collided with another at an intersection, and the second car then hit the plaintiff's vehicle. The complaint alleges that the first driver was uninsured and that he fled the scene after the accident and could not later be located. As required by section 143a of the Insurance Code, the plaintiff's automobile insurance policy contained a clause calling for arbitration if the plaintiff and her insurer were unable to agree on the amount of compensation she was entitled to receive under the policy's uninsured-motorist coverage. The policy further provided, again as required by statute, that the arbitrators' award would be binding on the parties if it fell below a specified amount: the minimum required limits for bodily injury as set forth in the Illinois Financial Responsibility Law, currently $20,000 per person. 625 ILCS 5/7—100 *et seq.* (West 1996). If the arbitrators awarded more than that amount, however, then either party could reject the award and the case would proceed to trial instead.

Before the matter could be submitted to arbitration, the plaintiff filed the present action, seeking a declara-

tory judgment that the policy's arbitration provision was unconstitutional. The plaintiff's amended complaint challenged both the clause permitting either party to reject awards greater than $20,000 and the requirement that matters be submitted to arbitration. She argued that the $20,000 threshold between binding and nonbinding awards was unconscionable because it favored insurers. The plaintiff also contended that the arbitration requirement violated separation of powers principles, the right of access to the courts, equal protection, and due process, and, further, that it represented special legislation and resulted in an unconstitutional impairment of contracts. The plaintiff sought a declaration that the arbitration provision in her policy was void, and she requested a jury trial to recover for the damages she allegedly sustained as a result of her accident.

The defendant moved to dismiss the amended complaint. Following a hearing, the circuit court granted the defendant's motion, holding that the policy's arbitration provision and the statute were constitutional. The appellate court reversed. 291 Ill. App. 3d 1068. The appellate court agreed with the plaintiff that the provision allowing either party to reject an award exceeding a certain amount was oppressive because it favored insurers. The court noted that insureds are likely to wish to appeal low arbitral awards, while insurers are more likely to seek to appeal higher ones. The court therefore believed that the proviso operated to the advantage of insurers, by permitting them to appeal awards that exceeded the $20,000 threshold, and to the detriment of insureds, by denying them a corresponding opportunity to appeal awards below that limit. The appellate court also held that section 143a is unconstitutional because it impairs an insured's right to contract. Given these holdings, the appellate court found it unnecessary to address the plaintiff's remaining constitutional challenges to the statute.

We allowed the defendant's petition for leave to appeal as a matter of right. 134 Ill. 2d R. 317.

Section 143a of the Insurance Code requires that disputes with respect to uninsured motorist coverage be submitted to arbitration. The statute provides, in pertinent part:

"No policy shall be renewed, delivered, or issued for delivery in this State unless it is provided therein that any dispute with respect to the coverage shall be submitted for arbitration to the American Arbitration Association or for determination in the following manner: Upon the insured requesting arbitration, each party to the dispute shall select an arbitrator and the 2 arbitrators so named shall select a third arbitrator." 215 ILCS 5/143a (West 1996).

The arbitrators' determination is binding only with respect to awards below $20,000, however, for the statute permits either party to reject an award that exceeds that amount and to resolve the claim instead through the judicial process. Section 143a states:

"Any decision made by the arbitrators shall be binding for the amount of damages not exceeding the limits for bodily injury or death set forth in Section 7—203 of the Illinois Vehicle Code." 215 ILCS 5/143a (West 1996).

The financial responsibility limits set forth in section 7—203 are $20,000 per person. 625 ILCS 5/7—203 (West 1996). Thus, under section 143a, arbitration awards for less than $20,000 are binding on the parties, but awards of $20,000 or more are not. A binding award would be subject only to limited judicial review under the Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 1996)).

We note that the uninsured-motorist statute has been amended since the plaintiff commenced her action. See 215 ILCS 5/143a (West 1998). The statute now provides more formal evidentiary procedures for the arbitration of claims. The amended version leaves intact, however, the provisions at issue here: that disputes regarding uninsured-motorist coverage must first go to arbitration, and that arbitral awards are binding if they do not exceed

the statutorily prescribed financial responsibility limits. As noted later in this opinion, the variety of disputes that must be submitted to arbitration under this provision is limited. Neither party suggests that the amended statute applies to the present case.

The plaintiff's principal argument in this appeal is that the special provision in her uninsured-motorist coverage that allows parties to seek a trial *de novo* if the arbitrators' award exceeds a certain amount violates public policy and therefore is unenforceable. The plaintiff cites a number of decisions that have found similar provisions in uninsured-motorist policies to be violative of public policy. See *Mendes v. Automobile Insurance Co.*, 212 Conn. 652, 563 A.2d 695 (1989); *Worldwide Insurance Group v. Klopp*, 603 A.2d 788 (Del. 1992); *Schmidt v. Midwest Family Mutual Insurance Co.*, 426 N.W.2d 870 (Minn. 1988); *Schaefer v. Allstate Insurance Co.*, 63 Ohio St. 3d 708, 590 N.E.2d 1242 (1992); *Pepin v. American Universal Insurance Co.*, 540 A.2d 21 (R.I. 1988). To be sure, courts in other states have approved similar clauses appearing in automobile insurance policies. *Roe v. Amica Mutual Insurance Co.*, 533 So. 2d 279 (Fla. 1988); *Cohen v. Allstate Insurance Co.*, 231 N.J. Super. 97, 555 A.2d 21 (1989). In two decisions prior to this one, our appellate court also concluded that provisions in automobile insurance policies allowing parties to reject arbitral awards above a certain threshold violate public policy. *Fireman's Fund Insurance Cos. v. Bugailiskis*, 278 Ill. App. 3d 19 (1996) (underinsured-motorist coverage); *American Family Mutual Insurance Co. v. Baaske*, 213 Ill. App. 3d 683 (1991) (uninsured-motorist coverage).

Some courts that have invalidated provisions similar to the one at issue here have observed that the nonbinding character of the award conflicts with the goals of arbitration, which is designed to promote finality and judicial economy. See, *e.g.*, *Schmidt v. Midwest Family*

*Mutual Insurance Co.*, 426 N.W.2d 870, 874-75 (Minn. 1988); *Schaefer v. Allstate Insurance Co.*, 63 Ohio St. 3d 708, 716, 590 N.E.2d 1242, 1248 (1992). Other cases that have invalidated these provisions believe that they are unfairly structured in favor of the insurer, because the insurer is free to reject large awards, but the insured does not enjoy a corresponding right to reject small awards. *Mendes v. Automobile Insurance Co.*, 212 Conn. 652, 660, 563 A.2d 695, 698-99 (1989); *Worldwide Insurance Group v. Klopp*, 603 A.2d 788, 791 (Del. 1992).

The plaintiff's appeal to public policy as grounds for invalidating the arbitration provision is unavailing here, for the arbitration provision that appears in the plaintiff's insurance contract is already an expression of public policy and represents the legislature's consideration of the question. In each of the foreign decisions cited above invalidating similar measures, the special provision allowing the rejection of awards over a specified threshold was inserted by the insurer without legislative authorization; the relevant statutes in those cases did not require the presence of the provision in the insurance contract. In the present case, in contrast, the legislature has determined that uninsured-motorist coverage must contain this provision, and section 143a of the Insurance Code accordingly requires its presence in automobile policies. The two prior decisions by our appellate court are also distinguishable on this ground. Notably, the statute concerning underinsured-motorist coverage, at issue in *Bugailiskis*, does not require a similar arbitration provision. The version of the uninsured-motorist statute applicable in *Baaske* also did not require the use of this provision. Thus, in the cases cited by the plaintiff, the courts were not called upon to consider statutes requiring arbitration clauses in insurance policies.

We believe that this distinction is dispositive of this issue. The public policy of the state is found in its consti-

tution, its statutes, and its judicial decisions. *O'Hara v. Ahlgren, Blumenfeld & Kempster*, 127 Ill. 2d 333, 341 (1989); *Roanoke Agency, Inc. v. Edgar*, 101 Ill. 2d 315, 327 (1984). In relation to the judicial branch, the General Assembly, which speaks through the passage of legislation, occupies a superior position in determining public policy. *Committee for Educational Rights v. Edgar*, 174 Ill. 2d 1, 29-32 (1996). As this court once explained:

"When the legislature has declared, by law, the public policy of the State, the judicial department must remain silent, and if a modification or change in such policy is desired the law-making department must be applied to, and not the judiciary, whose function is to declare the law but not to make it." *Collins v. Metropolitan Life Insurance Co.*, 232 Ill. 37, 44 (1907).

Accordingly, we do not believe that the provision challenged here, requiring arbitration but allowing parties to reject awards in excess of a specified threshold, can be said to be violative of public policy—the provision is required by statute and appears in the plaintiff's insurance contract by virtue of legislative action.

The appellate court provided an alternative basis for its holding, invalidating the arbitration clause on the separate ground that the provision interferes with the parties' freedom of contract. The plaintiff renews that argument here, in support of the appellate court's determination.

As an initial matter, we note that the parties and the appellate court are not entirely clear about the constitutional contract right at issue. In *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 167 (1998), this court analyzed the distinction between rights guaranteed under the contract clauses of the federal and state constitutions (U.S. Const., art. I, § 10; Ill. Const. 1970, art. I, § 16) and rights guaranteed under the due process clauses of the federal and state constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 2). As this court

recognized in *Dunteman*, these rights are "separate and distinct." *R.W. Dunteman Co.*, 181 Ill. 2d at 167. The contract clause of the federal constitution prohibits state actions that " 'impair the obligation of pre-existing contracts.' " *R.W. Dunteman Co.*, 181 Ill. 2d at 167, quoting *General Motors Corp. v. Romein*, 503 U.S. 181, 189, 117 L. Ed. 2d 328, 339, 112 S. Ct. 1105, 1111 (1992). Thus, a question under the contract clause may arise when the legislature enacts a statute that interferes with an existing contract. A statute cannot be said to impair a contract that did not exist when the statute was enacted, however (*R.W. Dunteman Co.*, 181 Ill. 2d at 168), and in the instant case the plaintiff does not argue that section 143a impaired an existing contract.

In the present case, the plaintiff's objection instead seems to be that the statute violates her freedom to contract because it requires that the arbitration clause be part of her insurance policy. The right of individuals to contract as they please arises from considerations of due process. *R.W. Dunteman Co.*, 181 Ill. 2d at 167. In general, economic legislation satisfies the requirements of due process if it is rationally related to a legitimate governmental purpose. *R.W. Dunteman Co.*, 181 Ill. 2d at 167. To resolve the plaintiff's contention that the statute improperly limits her freedom of contract, we must therefore determine whether the arbitration clause at issue is rationally related to a legitimate governmental purpose.

We do not believe that the binding arbitration clause mandated by statute and contained in the plaintiff's uninsured-motorist coverage violates due process. The rational basis standard is a low hurdle, and we conclude that it has been satisfied here. To sustain the legislation, we need not be convinced that the method chosen by the legislature constitutes the best or most efficient means of dealing with the problem at hand. Rather, it is sufficient

if the legislation bears a rational relationship to a legitimate governmental interest. *Bernier v. Burris,* 113 Ill. 2d 219, 228-29 (1986).

The purpose of section 143a is to provide at least minimum insurance coverage to an insured who has been injured by an uninsured driver. See *Luechtefeld v. Allstate Insurance Co.,* 167 Ill. 2d 148, 152 (1995); *Hoglund v. State Farm Mutual Automobile Insurance Co.,* 148 Ill. 2d 272, 277 (1992). We believe that the arbitration provision is rationally related to that goal. In drafting the provision at issue, the legislature could well have concluded that mandatory binding arbitration for smaller claims— those falling below $20,000—would help reduce litigation costs and would promote the speedy resolution of those cases. As the trial judge observed in upholding the validity of the statute, if awards under financial responsibility limits were not binding, then an insurer could defeat the statutory purpose of the coverage by seeking review of arbitral awards under those limits. Legislation enjoys a strong presumption of constitutionality (*Bilyk v. Chicago Transit Authority,* 125 Ill. 2d 230, 235 (1988)), and we do not believe that the plaintiff has overcome that presumption in this case.

In support of the appellate court judgment, the plaintiff raises a number of other constitutional challenges to the arbitration statute, and we will now consider these additional arguments. We note that constitutional challenges to the statute were raised but not resolved in· *Calabrese v. State Farm Mutual Automobile Insurance Co.,* 187 Ill. App. 3d 349, 353-54 (1989), which found the issue waived by the plaintiff's participation in the arbitration process. In the present case, the plaintiff first contends that the statute violates due process and denies her unfettered access to the courts. We do not agree. To place these issues in proper perspective, it may be helpful to consider a decision by the United

States Supreme Court upholding a similar arbitration statute against constitutional challenge. In *Hardware Dealers Mutual Fire Insurance Co. v. Glidden Co.*, 284 U.S. 151, 76 L. Ed. 214, 52 S. Ct. 69 (1931), a decision that the parties do not cite, the Court considered a Minnesota law that required fire insurance policies to include a provision for the arbitration of disputes about the amount of the loss. The Supreme Court rejected a challenge to the constitutionality of the statute. Finding the statute valid, the Court explained:

"Granted, as we now hold, that the state, in the present circumstances, has power to prescribe a summary method of ascertaining the amount of loss, the requirements of the 14th Amendment, so far as now invoked, are satisfied if the substitute remedy is substantial and efficient [citations]. We cannot say that the determination by arbitrators, chosen as provided by the present statute, of the single issue of the amount of loss under a fire insurance policy, reserving all other issues for trial in court, does not afford such a remedy, or that in this respect it falls short of due process, more than the provisions of state workmen's compensation laws for establishing the amount of compensation by a commission [citations]; or the appraisal by a commissioner of the value of property taken or destroyed by the public, made controlling by condemnation statutes [citations], or findings of fact by boards or commissions which, by various statutes, are made conclusive upon the courts if supported by evidence [citations]." *Hardware Dealers*, 284 U.S. at 159-60, 76 L. Ed. at 220, 52 S. Ct. at 71-72.

We believe that the decision in *Hardware Dealers* answers the plaintiff's objections that section 143a of the Insurance Code deprives her of due process and denies her unfettered access to the courts. The arbitration requirement at issue here is not significantly broader than the one approved by the Supreme Court in *Hardware Dealers*. This court has previously determined that arbitration under section 143a is limited to two issues: whether the insured is entitled to recover damages from

the operator or owner of an uninsured vehicle, and the amount of damages under the policy. *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 541-44 (1992). Consistent with that ruling, the policy at issue here states:

"If an insured person and we do not agree (1) whether the person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle, or (2) as to the amount of payment under this part, either that person or we may demand, in writing, that the issue be determined by arbitration."

The narrow range of issues subject to arbitration under section 143a makes this statute similar to the one approved in *Hardware Dealers*.

Our earlier discussion of the plaintiff's argument that the provision infringes on her right to contract answers as well her contentions that the statute violates equal protection and constitutes invalid special legislation under the Illinois Constitution. The present statute, which requires arbitration of uninsured-motorist claims and makes arbitral awards below $20,000 binding, does not impinge on a fundamental right or create a suspect or quasi-suspect classification, and therefore it will survive challenge on these grounds if it is rationally related to a legitimate governmental interest. *Nevitt v. Langfelder*, 157 Ill. 2d 116, 125 (1993); *Chicago National League Ball Club, Inc. v. Thompson*, 108 Ill. 2d 357, 368 (1985). Our earlier conclusion that the statute is so related is equally applicable here.

The plaintiff also contends that the statute violates the right to a jury trial, as guaranteed by article I, section 13, of the Illinois Constitution (Ill. Const. 1970, art. I, § 13). In support of this contention the plaintiff cites *Grace v. Howlett*, 51 Ill. 2d 478 (1972), which addressed the constitutionality of a statute that required the arbitration of automobile injury cases in counties with a population under 200,000, and, in other counties, the

arbitration of cases in which the claimed loss was less than $3,000. The court concluded, among other things, that the statute violated the right to a jury trial under the Illinois Constitution.

More recently, this court revisited the issue in *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33 (1994). In that case the defendant argued that it was entitled to a jury trial in an action brought under the Consumer Fraud Act. This court rejected that contention. After reviewing the current constitutional guarantee and its predecessors, the *Martin* court observed that the *jury* trial right expressed in the Illinois Constitution is limited to actions existing at common law. *Martin* explained, "In Illinois, the right to a jury trial does not attach to every action at law. Instead, such right only attaches in those actions where such right existed under the English common law at the time the constitution was adopted." *Martin*, 163 Ill. 2d at 73-74.

We do not believe that *Grace* is controlling here. The action at issue in *Grace* was a common law claim for personal injuries arising from a motor vehicle accident. In the present case, in contrast, the underlying claim is one for uninsured-motorist coverage, a remedy that did not exist at common law but instead was recently devised by the legislature. The state constitutional guarantee of a jury trial " 'was not intended to guarantee trial by jury in special or statutory proceedings unknown to the common law.' " *People ex rel. Keith v. Keith*, 38 Ill. 2d 405, 408 (1967), quoting *People v. Niesman*, 356 Ill. 322, 327 (1934).

The plaintiff also contends that the arbitration statute creates a system of fee officers, in violation of article VI, section 14, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 14). In support of this contention the plaintiff again relies on *Grace*, which held that the statute challenged in that case violated article VI, section 14. The court's brief discussion of the issue stated:

"The compulsory arbitration provisions of section 609 require that the losing litigant pay the fees of the arbitrator, which fees are treated as costs. The section requires that as a condition to appeal the appellant must pay all costs that may have accrued within 20 days after the award of the arbitrator has been entered upon the docket of the court." *Grace*, 51 Ill. 2d at 490-91.

In the present case, section 143a itself is silent regarding the parties' responsibility for the fees and expenses of arbitration; this is a matter controlled instead by the insurance policy, which requires an equal division of these costs. The policy provides:

"The reasonable expense of the arbitrators and all other expenses of arbitration will be shared equally. Attorney's fees and fees paid for the witnesses are not expenses of arbitration and will be paid by the party incurring them. But in no event shall the expenses of arbitration to the insured person reduce recovery below the minimum limits required by the Illinois Financial Responsibility Law."

The constitutional prohibition at issue provides, "There shall be no fee officers in the judicial system." Ill. Const. 1970, art. VI, § 14. We note that the statute in *Grace* stated that an arbitral award in an automobile injury case " 'must be entered by the Court in its record of judgments, and has the effect of a judgment upon the parties unless reversed upon appeal.' " *Grace*, 51 Ill. 2d at 490. No similar requirement is imposed by the statute at issue here. As we have noted, the form of recovery involved in this case is a special remedy devised by the legislature and is subject to only limited judicial review, and we do not believe that arbitrators handling such claims can be said to become "fee officers in the judicial system."

For the reasons stated, the judgment of the appellate court is reversed, and the judgment of the circuit court of Tazewell County is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*

JUSTICE BILANDIC, dissenting:

I respectfully dissent. For the reasons explained below, I would hold unconstitutional that portion of section 143a of the Illinois Insurance Code (215 ILCS 5/143a (West 1996)) requiring arbitration.

Plaintiff's insurance policy contained an arbitration clause. Specifically, this clause provided that recovery under the uninsured-motorist provision would be subject to arbitration, if demanded by either the insurer or the insured. Where arbitration is demanded, the decision of the arbitrator is binding if the arbitration award is below a certain amount. The cut-off amount is defined in the policy as the minimum required limits for bodily injury as set forth in the Illinois Financial Responsibility Law, currently $20,000 per person. See 625 ILCS 5/7—100 *et seq.* (West 1996). Thus, in the instant case, the arbitration award would be binding if it is equal to or less than $20,000. If binding, neither party could reject the award and demand a trial. If the award exceeds $20,000, however, it is not binding. In that instance, either party may reject the award and elect to proceed to trial.

This arbitration is mandated by section 143a. Section 143a requires that all policies issued in Illinois provide uninsured-motorist coverage (see *Luechtefeld v. Allstate Insurance Co.*, 167 Ill. 2d 148, 152 (1995)) and that disputes with respect to the amount of damages be submitted to arbitration. 215 ILCS 5/143a (West 1996). Section 143a further provides that "[a]ny decision made by the arbitrators shall be binding for the amount of damages not exceeding the limits for bodily injury or death set forth in Section 7—203 of the Illinois Vehicle Code." 215 ILCS 5/143a (West 1996). The financial responsibility limit set forth in section 7—203 is $20,000 per person. 625 ILCS 5/7—203 (West 1996). Thus, section 143a itself provides that any award not exceeding $20,000 is binding on the parties. A binding award can-

not be rejected in favor of a trial. In contrast, an award above $20,000 is not binding and can be rejected by either party in favor of a trial.

The appellate court struck down the arbitration provision of the statute as violative of public policy and as being unconstitutional. I would affirm the judgment of the appellate court, but only on the latter ground.

Statutes carry a presumption of constitutionality. *Allegro Services, Ltd. v. Metropolitan Pier & Exposition Authority*, 172 Ill. 2d 243, 250 (1996). A party challenging a statute bears the burden of proving it unconstitutional. *Doe v. Gainer*, 162 Ill. 2d 15, 19 (1994). It is, however, the duty of this court to protect the rights of individuals against acts beyond the scope of legislative power. *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 378 (1997). If a statute is unconstitutional, this court must declare it invalid. *Wilson v. Department of Revenue*, 169 Ill. 2d 306, 310 (1996).

As noted by the majority opinion, only the due process clauses of the federal and state constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 2) are implicated here. See *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 167 (1998). Plaintiff argues that section 143a violates her freedom to contract because it mandates that the arbitration clause discussed above be a part of her insurance policy. The right of individuals to contract as they desire arises from considerations of due process. *R.W. Dunteman Co.*, 181 Ill. 2d at 167. In general, economic legislation meets the requirements of due process as long as it is rationally related to a legitimate governmental purpose. *R.W. Dunteman Co.*, 181 Ill. 2d at 167, citing *Regan v. Taxation With Representation*, 461 U.S. 540, 547, 76 L. Ed. 2d 129, 137, 103 S. Ct. 1997, 2001 (1983). I do not believe that the arbitration provision of section 143a is rationally related to a legitimate governmental purpose.

The purpose of section 143a is to provide at least minimum insurance coverage to an insured who has been injured by an uninsured motorist. *Luechtefeld*, 167 Ill. 2d at 152. The arbitration clause is not rationally related to this purpose. Making awards below $20,000 binding on the insured has no relation to providing minimum insurance coverage to individuals injured by uninsured motorists.

The majority states that the legislature could have concluded that mandatory binding arbitration for "smaller claims" would help reduce litigation costs and would promote a speedy resolution of cases involving smaller claims. I disagree. As written, the arbitration clause does not eliminate only smaller claims from further litigation. The arbitration clause is not limited to those cases where a plaintiff *seeks* a small award. Rather, it requires arbitration in all cases, and then precludes a trial for a plaintiff who sought a higher award and who may have received an erroneous determination from the arbitrator.

A majority of courts have found that the practical effect of this type of clause is to unfairly favor insurers to the detriment of their insureds. See, *e.g.*, *Hanover Insurance Co. v. Losquadro*, 157 Misc. 2d 1014, 600 N.Y.S.2d 419 (1993); *Worldwide Insurance Group v. Klopp*, 603 A.2d 788 (Del. 1992); *O'Neill v. Berkshire Mutual Insurance Co.*, 786 F. Supp. 397 (D. Vt. 1992); *Mendes v. Automobile Insurance Co.*, 212 Conn. 652, 563 A.2d 695 (1989). One court explained:

> "Under the present policy language both parties are bound by a low award which an insurance company is unlikely to appeal. While high awards may be appealed by either party, common experience suggests that it is unlikely that an insured would appeal such an award. It is the insurer who, generally, would be dissatisfied with a high award. The policy provision thus presents an 'escape hatch' to the insurer for avoidance of high arbitration awards, whether or not the award was fair and reasonable. However, the

insured, who would tend to be dissatisfied with a low award, is barred from appealing such an award, *i.e.*, an award under financial responsibility limits." *Klopp*, 603 A.2d at 791.

Moreover, the insured can usually achieve only a temporary victory in arbitration:

"The 'bottom line' effect of the subject clause is that an insurer who wins in arbitration (as a result of a favorable award on liability or an award that does not exceed [the financial responsibility limits]) wins, whereas a successful insured is merely moved to a second plateau, where damages will have to be established in full blown litigation. Although needless to say there are many instances where an insured will find a damage award over [the financial responsibility limits] insufficient and therefore request a trial de novo, it is clear *** that the party most likely to make such a request will be the insurer. Thus, the appearance of mutuality is an illusion." *Losquadro*, 157 Misc. 2d at ___, 600 N.Y.S.2d at 423.

Section 143a requires uninsured-motorist coverage in all insurance policies, and then requires that all uninsured-motorist disputes be submitted to arbitration. It further provides that certain awards are binding while others are not and does so in a manner that will generally inure to the benefit of the insurer. Plaintiff and other insureds have no choice in negotiating this aspect of the policy. Section 143a thereby operates in an arbitrary and discriminatory manner in favor of insurance companies to the detriment of insured individuals. The statute therefore violates due process.

In support of its decision, the majority relies upon a United States Supreme Court case that upheld a mandatory arbitration provision, namely, *Hardware Dealers Mutual Fire Insurance Co. v. Glidden Co.*, 284 U.S. 151, 76 L. Ed. 214, 52 S. Ct. 69 (1931). In that case, Minnesota law required fire insurance policies to include a provision for the arbitration of disputes about the amount of the loss. The statute at issue in *Hardware Dealers* is dis-

tinguishable from section 143a. The mandatory arbitration provision at issue there was truly neutral in application and did not arbitrarily and discriminately favor insurance companies to the detriment of their insureds, as does the arbitration provision in section 143a.

For the foregoing reasons, I would strike that portion of section 143a requiring arbitration as violative of due process. This portion of section 143a is severable from the remainder of the statute.

JUSTICES HEIPLE and HARRISON join in this dissent.