(text box: 1) NO. 5-00-0772

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

JOSEPH KOST and DEBORAH KOST, )  Appeal from the   

Coadministrators of the Estate of )  Circuit Court of 

Robert S. Kost, Deceased, )  Franklin County.

)  

Plaintiffs-Appellants, )

)

)  No. 00-L-54

)

THE FARMERS AUTOMOBILE )

INSURANCE ASSOCIATION, )  Honorable

)  David L. Underwood,

Defendant-Appellee. )  Judge, presiding.

________________________________________________________________________

JUSTICE GOLDENHERSH delivered the opinion of the court:

After arbitration, Joseph Kost and Deborah Kost (plaintiffs), coadministrators of the estate of Robert S. Kost, deceased, made an underinsured-motorist claim under a policy issued by The Farmers Automobile Insurance Association (defendant).  After arbitration, plaintiffs filed suit in the circuit court of Franklin County and sought a trial on the issue of damages, pursuant to the trial 
de novo
 clause of the insurance policy.  Upon defendant's motion, the court dismissed plaintiffs' complaint with prejudice.  On appeal, plaintiffs raise the issue of whether they should be precluded from invoking the trial 
de novo
 clause.  We reverse and remand. 

I.  FACTS

Robert S. Kost entered into a contract for automobile insurance with defendant.  Subsequently, Kost was fatally injured in an automobile accident.  The limits of liability for the insurance of the driver involved in the accident were paid to plaintiffs as administrators of Kost's estate.  Plaintiffs then presented a claim for underinsured-motorist coverage to defendant. 

The insurance policy provides that if the insured and the insurer do not agree as to the amount of damages, either party may make a written demand for arbitration.  The policy states:  

"A decision agreed to by two of the arbitrators will be binding as to:  

a.  Whether the 'insured' is legally entitled to recover damages; and 

b.  The amount of damages.  This applies only if the amount does not exceed the minimum limit for 'bodily injury' liability specified by the Illinois Safety Responsibility Law.  If the amount exceeds that limit, either party may demand the right to a trial.  This demand must be made within 60 days of the arbitrator's decision.  If this demand is not made, the amount of damages agreed to by the arbitrators will be binding." 

Plaintiffs' claim was submitted to arbitration.  A panel of arbitrators issued an award.  The arbitrators found the total amount of damages resulting from Kost's injury to be $300,000, and they found Kost to be 50% negligent.  Recoverable damages were assessed at $150,000. 

Plaintiffs filed a complaint in the circuit court of Franklin County and requested that the arbitration award be vacated in accordance with the trial 
de novo
 clause of the insurance policy.  Defendant filed a motion to dismiss.  The trial court granted defendant's motion and dismissed plaintiffs’ complaint with prejudice.  Plaintiffs appeal.

II.  ANALYSIS

The trial court discussed plaintiffs' complaint and cited to cases in which trial 
de novo
 provisions similar to the one at bar have been voided as being against public policy.  See 
Fireman's Fund Insurance Cos. v. Bugailiskis
, 278 Ill. App. 3d 19, 662 N.E.2d 555 (1996); 
Parker v. American Family Insurance Co.
, 315 Ill. App. 3d 431, 734 N.E.2d 83 (2000).  Plaintiffs contend that such clauses have been voided because of unfair drafting by insurers and that insureds should still be able to seek a trial 
de novo
.  Because the issue raised is a question of law, our standard of review is 
de novo
.  
Magna Trust Co. v. Illinois Central R.R. Co.
, 313 Ill. App. 3d 375, 380, 728 N.E.2d 797, 803 (2000).

In 
Bugailiskis
, the plaintiff made an underinsured-motorist claim after receiving the policy limits of the tortfeasor's insurance.  The underinsured-motorist policy contained a trial 
de novo
 clause identical to the one in this case.  After arbitration, the insurer sought a jury trial.  The insured's motion to dismiss was denied, and the insured appealed.  On appeal, the insured raised the issue of whether the clause violated public policy by discriminating against the insured.

The 
Bugailiskis
 court began by stating that, although Illinois law encourages arbitration in order to reduce litigation, trial 
de novo
 clauses are not against public policy.  
Bugailiskis
, 278 Ill. App. 3d at 21, 662 N.E.2d at 557 (citing 
American Family Mutual Insurance Co. v. Baaske
, 213 Ill. App. 3d 683, 688, 572 N.E.2d 308, 310 (1991); 
Mayflower Insurance Co. v. Mahan
, 180 Ill. App. 3d 213, 217, 535 N.E.2d 924, 926 (1988)).  The court determined that the clause unfairly and unequivocally favors the insurer because it allows the insurer to avoid a high award while binding the insured to a lower one.  
Bugailiskis
, 278 Ill. App. 3d at 22, 662 N.E.2d at 557.  The court further noted that the provision bears the earmarks of an adhesion contract by lacking a mutuality of remedy and because it was entered into by parties possessing unequal bargaining power with little or no opportunity for arms-length negotiation.  The court concluded, "When considering that cost and delay [when an award is rejected], the unequal application of the escape clause, and the fact that the contract possesses many of the earmarks of a contract of adhesion, we are persuaded, as are the majority of the courts that have considered the issue, that the trial 
de novo
 clause violates public policy and is unenforceable."  
Bugailiskis
, 278 Ill. App. 3d at 23, 662 N.E.2d at 558.

In 
Parker v. American Family Insurance Co.
, 315 Ill. App. 3d 431, 734 N.E.2d 83 (2000), the Third District found a similar clause to be unenforceable.  In 
Parker
, the plaintiff collected the policy limits from a tortfeasor in an automobile accident and sought underinsured-motorist coverage from the defendant.  After receiving an award in arbitration, the plaintiff filed a petition for a judgment on the award.  The defendant moved to dismiss the petition and filed a claim for a trial according to the trial 
de novo
 provision.  The trial court found the clause to be one of adhesion that violated public policy, and the decision was affirmed by the appellate court.  
Parker v. American Family Insurance Co.
, 296 Ill. App. 3d 110, 694 N.E.2d 211 (1998) (
Parker I
). 

The Illinois Supreme Court issued a supervisory order requiring the Third District to reconsider in light of 
Reed v. Farmers Insurance Group
, 188 Ill. 2d 168, 720 N.E.2d 1052 (1999).  
Parker
 
v. American Family Insurance Co.
, 186 Ill. 2d 571, 722 N.E.2d 194 (1999) (supervisory order) (
Parker II
).  In 
Reed
, a case involving uninsured-motorist coverage, the court found a similar provision to be valid.  

Upon its reconsideration of 
Parker I
, the appellate court began by distinguishing the two different lines of reasoning that have been used by states to find trial 
de novo
 clauses against public policy.  
Parker v. American Family Insurance Co.
, 315 Ill. App. 3d 431, 433, 734 N.E.2d 83, 85 (2000) (
Parker III
).  The court noted that in several states the provision has been found to be repugnant to the policy of binding arbitration.  However, the court found that this line of reasoning did not apply in Illinois because Illinois encourages arbitration even when it is nonbinding.  Instead, Illinois and other states have voided such clauses because they unfairly favor the insurer by binding only low awards. Citing to 
Bugailiskis
, the court found the trial 
de novo
 clause unenforceable and against public policy because the provision was inequitably drafted to favor the insurer.

The 
Parker III
 court distinguished 
Reed
 on the basis that it involved an uninsured-motorist claim, not an underinsured-motorist claim.  
Reed
 did not find a violation of public policy because the Illinois Insurance Code (215 ILCS 5/1 
et seq.
 (West 1998)) explicitly called for such a provision in the context of uninsured-motorist coverage.  
Reed
, 188 Ill. 2d at 175, 720 N.E.2d at 1057; 215 ILCS 5/143a (West 1998).  The 
Reed
 court distinguished 
Bugailiskis
 on the ground that the Illinois Insurance Code does not require a similar arbitration provision for underinsured-motorist coverage.  As the legislature had not altered the Illinois Insurance Code in response to 
Bugailiskis
 and the supreme court had not addressed the issue, the 
Parker III
 court found the clause to be unconscionable and contrary to public policy in the context of underinsured-motorist claims.

Bugailiskis
 and 
Parker III
 establish that insurers may not enforce unfairly drafted trial 
de novo
 provisions.  The question raised by this appeal is whether an insured may use such a trial 
de novo
 provision to seek a trial after arbitration.  Defendant claims that in other states both parties have been barred from enforcing such provisions.  
Slaiman v. Allstate Insurance Co.
, 617 A.2d 873 (R.I. 1992) (citing 
Pepin v. American Universal Insurance Co.
, 540 A.2d 21 (R.I. 1988)); 
U.S.A.A. v. Compton
, 270 Cal. Rptr. 376 (1990).  The cases relied upon by defendant, however, are in states that have found the provisions to be contrary to the policy of favoring binding arbitration.  
Pepin
, 540 A.2d at 22; 
Compton
, 270 Cal. Rptr. at 378.  In contrast, 
Bugailiskis
 and 
Parker III
 make clear that nonbinding arbitration is permissible in Illinois and that the reason such clauses are not enforced in Illinois is a concern for fairness to the insured.

Defendant claimed in its brief, and vociferously stated at oral argument, that allowing plaintiffs to invoke the trial 
de novo
 clause would be contrary to the policy considerations underlying the Uniform Arbitration Act (Act) (710 ILCS 5/1 
et seq.
 (West 2000)).  Defendant contends that 
Parker III
, 
Bugailiskis
, and the Act all are based on the policy of favoring binding arbitration.  Defendant’s contention is totally without merit.  The Act states that agreements to arbitrate are valid, enforceable, and irrevocable; however, the Act does not preclude the parties from agreeing that arbitration be nonbinding.  Thus, the courts in 
Bugailiskis
 and 
Parker III
 had no reason to discuss the Act.  
Bugailiskis
 and 
Parker III
, instead, clearly state that Illinois enforces fairly drafted nonbinding arbitration agreements. 

Allowing an insurer who has placed a biased trial 
de novo
 provision in a policy to then claim that the provision is void against public policy when an insured attempts to enforce the provision should not be sanctioned by the courts.  Policies with such clauses bear the earmark of adhesion because they lack a mutuality of remedy for the insured and because the insured has little opportunity for arms-length negotiation.  Such clauses create a manifest inequity by allowing the insurer to escape an unwary but meritorious claimant.  
Parker III
, 315 Ill. App. 3d at 433-34, 734 N.E.2d at 85. 

The benefit of a trial 
de novo
 should not be withheld from an insured simply because the insurer drafted the provision unfairly.  The court should not shelter defendant's duplicity.  Defendant unfairly attempted to limit a benefit paid for by the decedent and should not be allowed to enforce this clause.  In contrast, the decedent’s expectation that he would be allowed a trial 
de novo
 after arbitration was legitimate.  Allowing plaintiffs to enforce this provision does not frustrate public policy.  Refusing to allow plaintiffs to enforce the provision would deny a benefit contracted for by the decedent and would reward defendant for drafting an unconscionable provision.  

Although the result we reach would be mandated regardless of the time the policy was issued, we would be remiss if we did not note one other fact that strengthens our opinion.  The policy was effective on the date of the accident, July 24, 1997.  
Bugailiskis
, which defendant cites as holding that such provisions are void, was rendered on February 28, 1996.  After defendant had been informed that the clause was against public policy, the clause remained in the policy it issued to insurers.  If defendant had believed the clause to be void, as it argues here, then the clause should not have remained in the policy.  The presence of the clause after 
Bugailiskis
 naturally leads to questions about defendant’s motives.  Defendant may have hoped that unwary claimants would accept lower arbitration awards or that the clause could be used as a tool in negotiation after arbitration to lower insureds’ expectation of success and increase the costs of pursuing the claim.  In fact, defendant appears to have gained some advantage in this instance by delaying plaintiffs’ claim while the enforceability of the clause is further litigated.  In any event, it is of the highest irony that a provision that our courts have found to be against public policy because of manipulative drafting by insurers should now be claimed by defendant to be a shield against an insured’s suit.  

III.  CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Franklin County is hereby reversed, and the cause is remanded for further proceedings not inconsistent with this opinion. 

Reversed; cause remanded.

MAAG, P.J., and WELCH, J., concur.  

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 03/26/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.