24 July 2000

NO. 3--97--0534

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2000

DENNIS PARKER, ) Appeal from the Circuit Court  

)   of the 18th Judicial Circuit,

Plaintiff-Appellee,     )   DuPage County, Illinois

   )

v.   ) No. 97--L--574

     )

AMERICAN FAMILY INSURANCE        ) 

COMPANY,   ) Honorable 

   ) Hollis Webster

Defendant-Appellant. ) Judge, Presiding

______________________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

______________________________________________________________________________

The issue before the court is whether an insurance policy's underinsured motorist arbitration provision is contrary to public policy if it permits a trial 
de
 
novo
 only for awards in excess of the minimum liability set forth in the Illinois Safety and Family Financial Responsibility Law (625 ILCS 5/7-100 
et
 
seq.
 (West 1998)).  The trial court concluded that such a structure is contrary to public policy and entered a judgment confirming an arbitration panel's award in favor of the insured, Dennis Parker.  Defendant American Family Insurance Company (American Family) appealed and we affirmed.  American Family filed a petition for leave to appeal to the supreme court.  The supreme court denied the petition but entered a supervisory order directing us to vacate our judgment and reconsider this case in light of 
Reed v. Farmers Insurance Group
, 188 Ill. 2d 168, 720 N.E.2d 1052 (1999).  Having done so, we again affirm and hold that the insurance policy provision at issue here violates public policy, as expressed in  
Fireman's Fund Insurance Cos. v. Bugailiskis
, 278 Ill. App. 3d 19, 662 N.E.2d 555 (1996).
   

FACTS

Parker was injured in a motor vehicle accident while he was a passenger in a car.  The vehicle that struck the one in which Parker was riding had liability insurance limits in the amount of $20,000. Parker filed suit against the driver of that vehicle and settled the case for the $20,000 policy limit.  He then filed for arbitration with his own insurance company, American Family, as permitted by the arbitration provisions for underinsured motorist coverage in his American Family policy.  The pertinent provisions of the policy provided as follows:

"Arbitration

We or an insured person may demand arbitration if we do not agree:

1. That the person is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle.

2. On the amount of payment under this part.

* * *

Any arbitration award not exceeding the minimum limit of the Illinois Safety Responsibility Law:

1. Will be binding; and

2. May be entered as a judgment in any court having jurisdiction. 

* * *

If any arbitration award exceeds the minimum limits of the Illinois Safety Responsibility Law, either party has a right to trial on all issues in any court having jurisdiction."

An arbitration panel awarded Parker $75,000 minus the $20,000 received in the settlement.  Parker filed a petition for judgment on the award in the circuit court.  But, American Family moved to dismiss the petition and filed a counterclaim for a trial on all issues.  Relying on 
Fireman's Fund Insurance Cos. v. Bugailiskis
, 278 Ill. App. 3d 19, 662 N.E.2d 555 (1996), the trial court found that the arbitration clause was one of adhesion which violated public policy.  The court subsequently denied American Family's petition and entered a judgment on Parker's petition.  We affirmed and now reanalyze this case in light of 
Reed v. Farmers Insurance Group
, 188 Ill. 2d 168, 720 N.E.2d 1052 (1999).

ANALYSIS

The arbitration clause in dispute is common to insurance policies.  A majority of courts have determined that these "escape hatch" clauses are unenforceable because they are contrary to public policy. See 
O'Neill v. Berkshire Mutual Insurance Co.
, 786 F. Supp. 397 (D. Vt. 1992); 
Field v. Liberty Mutual Insurance Co.
, 769 F. Supp. 1135 (D. Haw. 1991); 
Mendes v. Automobile Insurance Co.
, 212 Conn. 652, 563 A.2d 695 (1989); 
Worldwide Insurance Group v. Klopp
, 603 A.2d 788 (Del. 1992); 
Schmidt v. Midwest Family Mutual Insurance Co.
, 426 N.W.2d 870 (Minn. 1988); 
Hanover Insurance Co. v. Losquadro
, 157 Misc.2d 1014, 600 N.Y.S.2d 419 (1993); 
Nationwide Mutual Insurance Co. v. Marsh
, 15 Ohio St. 3d 107, 110, 472 N.E.2d 1061, 1063 (1984) (Sweeney, J., concurring); 
Pepin v. American Universal Insurance Co.
, 540 A.2d 21 (R.I. 1988).

In finding that the escape hatch clauses are contrary to public policy, the courts generally follow two lines of reasoning.  In the first line, the courts invalidate the clauses because they conflict with state policies regarding arbitration.  Several courts have determined that the clauses frustrate the state's requirement of binding arbitration. 
E.g.
, 
Pepin
, 540 A.2d at 22-23.  In the second line, courts void the clauses on the basis that they unfairly favor the insurer. 
E.g.
, 
Bugailiskis
, 278 Ill. App. 3d at 24, 662 N.E.2d at 558.  Since our state encourages arbitration, whether it be binding or nonbinding
 (see 
Mayflower Insurance Co. v. Mahan
, 180 Ill. App. 3d 213, 535 N.E.2d 924 (1988)), the policy considerations in the first line of reasoning are not relevant.  We need address solely whether the clause is void because it unfairly favors the insurer.  American Family asserts that the clause is proper and not against public policy because it promotes arbitration and does not unreasonably favor itself over the insured.

Comments from courts in our sister states have described the clause as creating a "manifest inequit[y]." 
Mendes
, 212 Conn. at 660, 563 A.2d at 698.  Although facially equal, such escape hatch clauses are not truly equal in their effect on the parties. 
Marsh
, 15 Ohio St. 3d at 110, 472 N.E.2d at 1063 (Sweeney, J., concurring).  This is true because both parties are bound by a low award, when an insurance company is unlikely to appeal, and not bound when there is a high award, when an insurance company is more likely to appeal. 
Klopp
, 603 A.2d at 791; 
Schmidt
, 426 N.W.2d at 873-75.  Thus, the benefits of the clause truly only favor the insurer (
Klopp
, 603 A.2d at 791; 
Schmidt
, 426 N.W.2d at 873-75), which can use the clause to escape the unwary claimant. 
Mendes
, 212 Conn. at 659-60, 563 A.2d at 698.  Policies with such clauses have been found to possess "earmarks of an adhesive contract." 
Schmidt
, 426 N.W.2d at 874.  They are said to lack mutuality of remedy and to be the result of unequal bargaining positions in which the purchaser has little opportunity for arm’s-length negotiation. 
Schmidt
, 426 N.W.2d at 874; see also 
Losquadro
, 157 Misc. 2d at 1019, 600 N.Y.S.2d at 423 ("[T]he appearance of mutuality is an illusion").  

Courts in Florida and New Jersey reject these descriptions.  They note that the insured also has a right to reject an award over the statutorily prescribed level and demand a jury trial. 
Roe v. Amica Mutual Insurance Co.
, 533 So. 2d 279 (Fla. 1988); 
Cohen v. Allstate Insurance Co.
, 231 N.J. Super. 97, 555 A.2d 21 (1989)).  Thus, they see no unconscionable result.     
   

Recently, in 
Bugailiskis
, the second district of this appellate court interpreted a clause similar to the one at issue here which also involved underinsured motorist coverage.  After an analysis of the cases from various jurisdictions, the court concluded that the clause was simply an "escape hatch" for the insurance company and because of its unequal application, cost, delay and the fact that the contract possessed many "earmarks of a contract of adhesion," it violated public policy and was unenforceable. 
Bugailiskis
, 278 Ill. App. 3d at 23, 662 N.E.2d at 558.  Accordingly, because of the oppressive nature of the agreement, the insurer had no right to a trial and the court held that the arbitration provision was enforceable except to the extent that it provided for a trial 
de
 
novo
. 
Bugailiskis
, 278 Ill. App. 3d at 24, 662 N.E.2d at 558.    
 

More recently, our supreme court addressed a similar clause concerning uninsured motorist coverage in 
Reed v. Farmers Insurance Group
, 188 Ill. 2d 168, 720 N.E.2d 1052 (1999).  In 
Reed
, the court held that the clause did not violate public policy because the requirement of such a clause was codified with respect to uninsured motorist coverage in the Illinois Insurance Code (Insurance Code)(215 ILCS 5/1 
et
 
seq.
 (West 1998)).  Section 143(a) of the Insurance Code provides that any decision made by arbitrators in an uninsured motorist case "shall be binding for the amount of damages not exceeding the limits for bodily injury or death set forth in Section 7-203 of the Illinois Vehicle Code." 215 ILCS 5/143a (West 1998).  In other words, when arbitrators issue awards of less than $20,000, those awards are binding upon the parties.  Given that the legislature had declared the public policy of the state with regard to uninsured motorist coverage, the 
Reed
 court reasoned that "‘the judicial department must remain silent, and if a modification or change in such policy is desired the law-making department must be applied to, and not the judiciary, whose function is to declare the law but not to make it.’" 
Reed
, 188 Ill. 2d at 175, 720 N.E.2d at 1057, quoting 
Collins v. Metropolitan Life Insurance Co.
, 232 Ill. 37, 44, 83 N.E. 542 (1907).    

Unlike 
Reed
, there is no such provision in the Insurance Code pertaining to underinsured motorist coverage.  In fact, the court in 
Reed
 distinguished 
Bugailiskis
 on this basis alone, pointing out that the statute concerning underinsured motorist coverage at issue in 
Bugailiskis
 "does not require a similar arbitration provision."  
Reed
, 188 Ill. 2d at 174, 720 N.E.2d at 1057.  The court found that "this distinction [was] dispositive of [the] issue."  
Reed
, 188 Ill. 2d at 174, 720 N.E.2d at 1057.  Given that the legislature has not given us any guidance concerning underinsured motorist coverage, we must rely on the decisions of our courts. See 
People ex rel. Nelson v. Wiersema State Bank
, 361 Ill. 75, 197 N.E. 537 (1935)(when a state’s constitution and statutes are silent upon a subject, the public policy of the state concerning that subject is embodied in the decisions of its courts); see also 
City of Champaign v. Department of Revenue
, 89 Ill. App. 3d 1066, 412 N.E.2d 211 (1980)(same).  Thus, we agree with 
Bugailiskis
 and hold that the trial 
de
 
novo
 clause is unconscionable and contrary to public policy.  We
 further note that the supreme court has not addressed the issue presented by this case and decided by the appellate court in 
Bugailiskis
.  Nor has the legislature altered the insurance code in response to the 
Bugailiskis
 decision.

What remains to be determined is whether the entire arbitration scheme of the policy should be voided, or whether only the escape hatch provision should be stricken.

American Family contends
 that the proper remedy is to strike the entire arbitration section from the contract and remand the case to the circuit court for trial.  The parties, however, entered into an arbitration agreement when they were not statutorily required to do so. See 215 ILCS 5/143a-2 (West 1998).  Therefore, in order to preserve the parties' agreement to the greatest extent possible and because arbitration is an encouraged form of dispute resolution in Illinois, we hold that only the trial 
de
 
novo
 clause is unenforceable and that the trial court properly entered a judgment confirming the arbitration panel's decision. See 
Bugailiskis
, 278 Ill. App. 3d at 24, 662 N.E.2d at 558; 
Klopp
, 603 A.2d at 791-92; 
Schmidt
, 426 N.W.2d at 875
. 

For the foregoing reasons, the judgment of the circuit court of DuPage County is affirmed.

Affirmed.

SLATER, P.J., concurs.  HOLDRIDGE, J., dissents.

     JUSTICE HOLDRIDGE, dissenting:

     I respectfully dissent.  In order for the majority to find 

that the trial 
de
 
novo
 provision is unconscionable, and thus

unenforceable, it has engaged in the unsupported assumption that

only the insurance company would seek to avoid an arbitration award of more than $20,000.  Such an assumption is nothing more than pure speculation.  I see no empirical evidence to support the majority's bald assertion that "as a matter of common sense, the party who is likely to be dissatisfied with an amount over $20,000 is the insurer, not the insured."  

     Unlike appeals based upon the law, appeals to common sense

often depend upon who is the appellant.  Indeed, as long as we are engaging in pure speculation and appeals to common sense to support our holdings, I could speculate that a plaintiff expecting a $100,000 award from an arbitrator would invoke the 
de
 
novo
 provision to avoid an arbitration award of $21,000, much to the chagrin of the insurance company that would have been happy to pay the arbitrator's award.      

     I admit that from among our sister states that have ruled on

this identical issue, only the Florida Supreme Court (
Roe v. American Mutual Insurance Co.
, 533 So.2d 279 (Fla. 1988)),the New Jersey Appellate Court (
Cohen v. Allstate Insurance Co.
, 231 N.J. Super. 97, 555 A.2d 21 (1989)), and the Arizona Appellate Court (
Liberty Mutual Insurance Co. v. Mandile
, 259 Ariz. Adv. Rep. 71 (December 30, 1997)) have rejected the temptation to speculate that an insured would never reject an arbitral award above the statutory financial responsibility limit.  However, I find their analysis more persuasive.  

     I agree with the reasoning of the Arizona court in 
Mandile

that:

          "When a plaintiff who thinks his case is worth

       $300,000 gets only $50,000 from the arbitrators,

       that plaintiff will want the option of appeal (and

       may use that option as a leverage point in

       settlement discussions).  Conversely, an insurance

       company that thinks a case is defensible, and is

       ordered to pay $14,999, may wish it could appeal

       but will lack the right to do so.  The de novo

       appeal right, overall, is probably as important to

       plaintiffs as to defendants."  
Mandile
, 259 Ariz.

       Adv. Rep., slip op. at 6.  

         

Similarly, in rejecting the same unsupported speculation

adopted by the majority in this matter, the Cohen court noted that:

           "A variety of  situations can be hypothesized

       in which an insured would welcome the opportunity

       to reject an arbitration award and demand a trial.

       * * * In short, while we might speculate that the

       policy provision is unfairly tilted in favor of

       Allstate, that would be nothing more than

       guesswork.  We cannot properly base a determination

       of unconscionability on unsubstantiated impressions

       and personal intuition.  Evaluation and adjustment

       of the competing public and private interests are

       best left to the legislative and administrative

       process."  
Cohen
, 231 N.J. Super. at 102, 555 A.2d

       at 24.             

          For the reasons articulated above, I would reverse the trial court judgment for Parker and grant American Family's counterclaim for a trial on all issues.  I dissent on that basis.