JOSEPH KOST *et al.*, Coadm'rs of the Estate of Robert S. Kost, Deceased, Plaintiffs-Appellants, v. FARMERS AUTOMOBILE INSURANCE ASSOCIATION, Defendant-Appellee.

Fifth District   No. 5—00—0772

Opinion filed March 26, 2002.

Stephen W. Stone, of Howerton, Dorris, Stone & Phelps, of Marion, for appellants.

Robert Marc Chemers and Richard J. Siebert, both of Pretzel & Stouffer, Chtrd., of Chicago, and Joseph A. Bleyer, of Bleyer & Bleyer, of Marion, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

After arbitration, Joseph Kost and Deborah Kost (plaintiffs), coadministrators of the estate of Robert S. Kost, deceased, made an underinsured-motorist claim under a policy issued by The Farmers Automobile Insurance Association (defendant). After arbitration, plaintiffs filed suit in the circuit court of Franklin County and sought a trial on the issue of damages, pursuant to the trial *de novo* clause of the insurance policy. Upon defendant's motion, the court dismissed plaintiffs' complaint with prejudice. On appeal, plaintiffs raise the issue of whether they should be precluded from invoking the trial *de novo* clause. We reverse and remand.

## I. FACTS

Robert S. Kost entered into a contract for automobile insurance with defendant. Subsequently, Kost was fatally injured in an automobile accident. The limits of liability for the insurance of the driver involved in the accident were paid to plaintiffs as administrators of Kost's estate. Plaintiffs then presented a claim for underinsured-motorist coverage to defendant.

The insurance policy provides that if the insured and the insurer do not agree as to the amount of damages, either party may make a written demand for arbitration. The policy states:

> "A decision agreed to by two of the arbitrators will be binding as to:
>
> a. Whether the 'insured' is legally entitled to recover damages; and
>
> b. The amount of damages. This applies only if the amount does not exceed the minimum limit for 'bodily injury' liability specified by the Illinois Safety Responsibility Law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding."

Plaintiffs' claim was submitted to arbitration. A panel of arbitrators issued an award. The arbitrators found the total amount of damages resulting from Kost's injury to be $300,000, and they found Kost to be 50% negligent. Recoverable damages were assessed at $150,000.

Plaintiffs filed a complaint in the circuit court of Franklin County and requested that the arbitration award be vacated in accordance with the trial *de novo* clause of the insurance policy. Defendant filed a motion to dismiss. The trial court granted defendant's motion and dismissed plaintiffs' complaint with prejudice. Plaintiffs appeal.

## II. ANALYSIS

■ The trial court discussed plaintiffs' complaint and cited to cases in which trial *de novo* provisions similar to the one at bar have been voided as being against public policy. See *Fireman's Fund Insurance Cos. v. Bugailiskis*, 278 Ill. App. 3d 19, 662 N.E.2d 555 (1996); *Parker v. American Family Insurance Co.*, 315 Ill. App. 3d 431, 734 N.E.2d 83 (2000). Plaintiffs contend that such clauses have been voided because of unfair drafting by insurers and that insureds should still be able to seek a trial *de novo*. Because the issue raised is a question of law, our standard of review is *de novo*. *Magna Trust Co. v. Illinois Central R.R. Co.*, 313 Ill. App. 3d 375, 380, 728 N.E.2d 797, 803 (2000).

In *Bugailiskis*, the plaintiff made an underinsured-motorist claim after receiving the policy limits of the tortfeasor's insurance. The

underinsured-motorist policy contained a trial *de novo* clause identical to the one in this case. After arbitration, the insurer sought a jury trial. The insured's motion to dismiss was denied, and the insured appealed. On appeal, the insured raised the issue of whether the clause violated public policy by discriminating against the insured.

The *Bugailiskis* court began by stating that, although Illinois law encourages arbitration in order to reduce litigation, trial *de novo* clauses are not against public policy. *Bugailiskis*, 278 Ill. App. 3d at 21, 662 N.E.2d at 557, citing *American Family Mutual Insurance Co. v. Baaske*, 213 Ill. App. 3d 683, 688, 572 N.E.2d 308, 310 (1991), and *Mayflower Insurance Co. v. Mahan*, 180 Ill. App. 3d 213, 217, 535 N.E.2d 924, 926 (1988). The court determined that the clause unfairly and unequivocally favors the insurer because it allows the insurer to avoid a high award while binding the insured to a lower one. *Bugailiskis*, 278 Ill. App. 3d at 22, 662 N.E.2d at 557. The court further noted that the provision bears the earmarks of an adhesion contract by lacking a mutuality of remedy and because it was entered into by parties possessing unequal bargaining power with little or no opportunity for arm's-length negotiation. The court concluded, "When considering that cost and delay [when an award is rejected], the unequal application of the escape clause, and the fact that the contract possesses many of the earmarks of a contract of adhesion, we are persuaded, as are the majority of the courts that have considered the issue, that the trial *de novo* clause violates public policy and is unenforceable." *Bugailiskis*, 278 Ill. App. 3d at 23, 662 N.E.2d at 558.

In *Parker v. American Family Insurance Co.*, 315 Ill. App. 3d 431, 734 N.E.2d 83 (2000), the Third District found a similar clause to be unenforceable. In *Parker*, the plaintiff collected the policy limits from a tortfeasor in an automobile accident and sought underinsured-motorist coverage from the defendant. After receiving an award in arbitration, the plaintiff filed a petition for a judgment on the award. The defendant moved to dismiss the petition and filed a claim for a trial according to the trial *de novo* provision. The trial court found the clause to be one of adhesion that violated public policy, and the decision was affirmed by the appellate court. *Parker v. American Family Insurance Co.*, 296 Ill. App. 3d 110, 694 N.E.2d 211 (1998) (*Parker I*).

The Illinois Supreme Court issued a supervisory order requiring the Third District to reconsider in light of *Reed v. Farmers Insurance Group*, 188 Ill. 2d 168, 720 N.E.2d 1052 (1999). *Parker v. American Family Insurance Co.*, 186 Ill. 2d 571, 722 N.E.2d 194 (1999) (supervisory order) (*Parker II*). In *Reed*, a case involving uninsured-motorist coverage, the court found a similar provision to be valid.

Upon its reconsideration of *Parker I*, the appellate court began by

distinguishing the two different lines of reasoning that have been used by states to find trial *de novo* clauses against public policy. *Parker v. American Family Insurance Co.*, 315 Ill. App. 3d 431, 433, 734 N.E.2d 83, 85 (2000) (*Parker III*). The court noted that in several states the provision has been found to be repugnant to the policy of binding arbitration. However, the court found that this line of reasoning did not apply in Illinois because Illinois encourages arbitration even when it is nonbinding. Instead, Illinois and other states have voided such clauses because they unfairly favor the insurer by binding only low awards. Citing to *Bugailiskis*, the court found the trial *de novo* clause unenforceable and against public policy because the provision was inequitably drafted to favor the insurer.

The *Parker III* court distinguished *Reed* on the basis that it involved an uninsured-motorist claim, not an underinsured-motorist claim. *Reed* did not find a violation of public policy because the Illinois Insurance Code (215 ILCS 5/1 *et seq.* (West 1998)) explicitly called for such a provision in the context of uninsured-motorist coverage. *Reed*, 188 Ill. 2d at 175, 720 N.E.2d at 1057; 215 ILCS 5/143a (West 1998). The *Reed* court distinguished *Bugailiskis* on the ground that the Illinois Insurance Code does not require a similar arbitration provision for underinsured-motorist coverage. As the legislature had not altered the Illinois Insurance Code in response to *Bugailiskis* and the supreme court had not addressed the issue, the *Parker III* court found the clause to be unconscionable and contrary to public policy in the context of underinsured-motorist claims.

*Bugailiskis* and *Parker III* establish that insurers may not enforce unfairly drafted trial *de novo* provisions. The question raised by this appeal is whether an insured may use such a trial *de novo* provision to seek a trial after arbitration. Defendant claims that in other states both parties have been barred from enforcing such provisions. *Slaiman v. Allstate Insurance Co.*, 617 A.2d 873 (R.I. 1992), citing *Pepin v. American Universal Insurance Co.*, 540 A.2d 21 (R.I. 1988); *United Services Automobile Ass'n v. Compton*, 221 Cal. App. 3d 79, 270 Cal. Rptr. 376 (1990). The cases relied upon by defendant, however, are in states that have found the provisions to be contrary to the policy of favoring binding arbitration. *Pepin*, 540 A.2d at 22; *Compton*, 221 Cal. App. 3d at 83, 270 Cal. Rptr. at 378. In contrast, *Bugailiskis* and *Parker III* make clear that nonbinding arbitration is permissible in Illinois and that the reason such clauses are not enforced in Illinois is a concern for fairness

■ Defendant claimed in its brief, and vociferously stated at oral argument, that allowing plaintiffs to invoke the trial *de novo* clause would be contrary to the policy considerations underlying the Uniform

Arbitration Act (Act) (710 ILCS 5/1 *et seq.* (West 2000)). Defendant contends that *Parker III, Bugailiskis,* and the Act all are based on the policy of favoring binding arbitration. Defendant's contention is totally without merit. The Act states that agreements to arbitrate are valid, enforceable, and irrevocable; however, the Act does not preclude the parties from agreeing that arbitration be nonbinding. Thus, the courts in *Bugailiskis* and *Parker III* had no reason to discuss the Act. *Bugailiskis* and *Parker III*, instead, clearly state that Illinois enforces fairly drafted nonbinding arbitration agreements.

■ Allowing an insurer who has placed a biased trial *de novo* provision in a policy to then claim that the provision is void against public policy when an insured attempts to enforce the provision should not be sanctioned by the courts. Policies with such clauses bear the earmark of adhesion because they lack a mutuality of remedy for the insured and because the insured has little opportunity for arm's-length negotiation. Such clauses create a manifest inequity by allowing the insurer to escape an unwary but meritorious claimant. *Parker III*, 315 Ill. App. 3d at 433-34, 734 N.E.2d at 85.

■ The benefit of a trial *de novo* should not be withheld from an insured simply because the insurer drafted the provision unfairly. The court should not shelter defendant's duplicity. Defendant unfairly attempted to limit a benefit paid for by the decedent and should not be allowed to enforce this clause. In contrast, the decedent's expectation that he would be allowed a trial *de novo* after arbitration was legitimate. Allowing plaintiffs to enforce this provision does not frustrate public policy. Refusing to allow plaintiffs to enforce the provision would deny a benefit contracted for by the decedent and would reward defendant for drafting an unconscionable provision.

Although the result we reach would be mandated regardless of the time the policy was issued, we would be remiss if we did not note one other fact that strengthens our opinion. The policy was effective on the date of the accident, July 24, 1997. *Bugailiskis*, which defendant cites as holding that such provisions are void, was rendered on February 28, 1996. After defendant had been informed that the clause was against public policy, the clause remained in the policy it issued to insureds. If defendant had believed the clause to be void, as it argues here, then the clause should not have remained in the policy. The presence of the clause after *Bugailiskis* naturally leads to questions about defendant's motives. Defendant may have hoped that unwary claimants would accept lower arbitration awards or that the clause could be used as a tool in negotiation after arbitration to lower insureds' expectation of success and increase the costs of pursuing the claim. In fact, defendant appears to have gained some advantage in

this instance by delaying plaintiffs' claim while the enforceability of the clause is further litigated. In any event, it is of the highest irony that a provision that our courts have found to be against public policy because of manipulative drafting by insurers should now be claimed by defendant to be a shield against an insured's suit.

## III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Franklin County is hereby reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed; cause remanded.

MAAG, P.J., and WELCH, J., concur.