FIFTH DIVISION
March 17, 2006

No. 1-05-0713

| | | |
|---|---|---|
| JOSEPH ZAPPIA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 L 8867 |
| | ) | |
| ST. PAUL FIRE AND MARINE | ) | |
| INSURANCE COMPANY, | ) | Honorable |
| | ) | Jeffrey Lawrence, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE O'BRIEN delivered the opinion of the court:

We address whether an insurance policy's underinsured-motorist arbitration provision is contrary to public policy when it allows the parties to demand a trial de novo if the arbitration award is in excess of the minimum liability set forth in the Illinois Safety and Family Financial Responsibility Law (625 ILCS 5/7-203 (West 2002)). We hold that such a provision does not violate public policy, and therefore we reverse the circuit court's order dismissing plaintiff's complaint and remand for further proceedings.

Plaintiff was involved in an automobile accident on May 4, 1999, and suffered personal injuries. Plaintiff settled with the negligent party's insurance carrier, Guide One Insurance, for the $100,000 policy limit and then claimed benefits under the underinsured motorist provision in a policy issued by defendant, St. Paul Fire and Marine Insurance Company.

An arbitration hearing on the underinsured motorist claim was conducted by three arbitrators. On May 27, 2004, two of the arbitrators entered an arbitration award in plaintiff's favor in the amount of $170,000, reduced by a setoff of $138,584.73. The setoff reflected the $100,000 paid to plaintiff by Guide One Insurance, as well as worker compensation payments

made to plaintiff. Thus, the net arbitral award was $31,415.27. The third arbitrator dissented and did not sign this award.

Plaintiff filed a complaint in the circuit court for a trial de novo pursuant to the following provision in defendant's policy:

"A decision agreed to by two of the arbitrators will be binding for amounts of damages that are up to the minimum financial responsibility limits as prescribed by Illinois law."

Plaintiff contended that the arbitral award of $31,415.27 was in excess of the $20,000 minimum required limits for bodily injury as set forth in the Illinois Safety and Family Financial Responsibility Law (625 ILCS 5/7-203 (West 2002)) and that, under the provision cited above, plaintiff was entitled to a trial de novo.

The circuit court found that the trial de novo provision is contrary to public policy and dismissed plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2002)). Plaintiff filed this timely appeal.

The sole issue on review is whether the trial de novo provision violates public policy. The parties cite the following cases which have addressed the issue: Firemen's Fund Insurance Cos. v. Bugailiskis, 278 Ill. App. 3d 19 (1996); Reed v. Farmers Insurance Group, 188 Ill. 2d 168 (1999); Parker v. American Family Insurance Co., 315 Ill. App. 3d 431 (2000); Kost v. Farmers Automobile Insurance Ass'n, 328 Ill. App. 3d 649 (2002); and Samek v. Liberty Mutual Fire Insurance Co., 341 Ill. App. 3d 1045 (2003).

In Bugailiskis, the Second District Appellate Court held that, as to underinsured-motorist coverage, the trial de novo provision is unenforceable and contrary to public policy because it

No. 1-05-0713

unfairly favors the insurance company. The court's rationale was that the insurance company is more likely than the insured to be dissatisfied with an award above the $20,000 minimum and may demand trial under the trial de novo provision. Bugailiskis, 278 Ill. App. 3d at 22. Conversely, the insured is more likely to be dissatisfied with an award below $20,000, but the trial de novo provision prevents him from demanding a trial thereon. Bugailiskis, 278 Ill. App. 3d at 22. The trial de novo provision therefore lacks mutuality of remedy and possesses the "earmarks" of a contract of adhesion. Bugailiskis, 278 Ill. App. 3d at 22. Further, the trial de novo provision extends the time consumed in resolving the controversy, thereby contravening the public policy behind arbitration, i.e., the efficient, cost-effective resolution of disputes. Bugailiskis, 278 Ill. App. 3d at 22-23. Therefore, the Second District Appellate Court held that "[w]hen considering that cost and delay, the unequal application of the [trial de novo provision], and the fact that the contract possesses many of the earmarks of a contract of adhesion, we are persuaded *** that the trial de novo clause violates public policy and is unenforceable." Bugailiskis, 278 Ill. App. 3d at 23.

In Reed, our supreme court addressed a similar clause concerning uninsured-motorist coverage. The supreme court held that a trial de novo provision in an uninsured-motorist case did not violate public policy because the Illinois Insurance Code (215 ILCS 5/143a (West 1996)) explicitly required such a provision in the context of uninsured-motorist coverage. Reed, 188 Ill. 2d at 174-75. Reed distinguished Bugailiskis, pointing out that the statute concerning underinsured-motorist coverage "does not require a similar [trial de novo] provision." Reed, 188 Ill. 2d at 174.

No. 1-05-0713

In <u>Parker</u>, the Third District Appellate Court found the trial <u>de novo</u> provision in a policy providing underinsured- motorist coverage to be unenforceable. The court distinguished two rationales that have been used to find the trial <u>de novo</u> provision against public policy. First, the court noted that in several states the provision has been found to conflict with the policy of binding arbitration. <u>Parker</u>, 315 Ill. App. 3d at 433. However, the court held this rationale did not apply in Illinois because Illinois encourages arbitration even when it is nonbinding. <u>Parker</u>, 315 Ill. App. 3d at 433. Second, the court noted that the provision has been voided for the reason set forth in <u>Bugailiskis</u>. Specifically, the court noted that the insurance company is more likely than the insured to be dissatisfied with an award above the $20,000 minimum, and may demand trial under the trial <u>de novo</u> provision, whereas the insured has no right under the provision to demand trial when the award is below $20,000. Citing <u>Bugailiskis</u>, the court held that the trial <u>de novo</u> provision is against public policy because it is inequitably drafted to favor the insurance company. <u>Parker</u>, 315 Ill. App. 3d at 434-35. The court distinguished <u>Reed</u> because it involved an uninsured-motorist claim, not an underinsured-motorist claim. <u>Parker</u>, 315 Ill. App. 3d at 434-35.

Justice Holdridge filed a dissenting opinion, noting that the majority's opinion was based on the "unsupported assumption that only the insurance company would seek to avoid an arbitration award of more than $20,000." <u>Parker</u>, 315 Ill. App. 3d at 436 (Holdridge, J., dissenting). Justice Holdridge cited with approval the reasoning of the Arizona Appellate Court in <u>Liberty Mutual Insurance Co. v. Mandile</u>, 192 Ariz. 216, 963 P.2d 295 (App. 1997):

"  'When a plaintiff who thinks his case is worth $300,000 gets only $50,000 from the

˘4˘

arbitrators, that plaintiff will want the option of an appeal (and may use that option as a leverage point in settlement discussions). Conversely, an insurance company that thinks a case is defensible, and is ordered to pay $14,999, may wish it could appeal but will lack the right to do so. The de novo appeal right, overall, is probably as important to plaintiffs as to defendants.' " Parker, 315 Ill. App. 3d at 436 (Holdridge, J., dissenting), quoting Mandile, 192 Ariz. at 221, 963 P.2d at 301.

In Kost, the Fifth District Appellate Court addressed a case in which the insureds sought to invoke the trial de novo provision in their underinsured-motorist coverage after the arbitrators issued them a net award of $150,000. Kost, 328 Ill. App. 3d at 651. The trial court dismissed their complaint with prejudice. Kost, 328 Ill. App. 3d at 651. The appellate court reversed and remanded, holding that it would be unfair to allow the insurance company that placed a "biased" trial de novo provision in a policy to then claim that the provision is void against public policy when the insureds attempt to enforce the provision. Kost, 328 Ill. App. 3d at 654.

Finally, in Samek, the First District Appellate Court adopted the reasoning of Bugailiskis and Parker and held that trial de novo provisions contained in policies providing underinsured-motorist coverage violate public policy because they take on the character of adhesion contracts and lack a mutuality of remedy between the insurer and the insured. Samek, 341 Ill. App. 3d at 1051. As in Bugailiskis and Parker, the court determined that the insurance company is more likely than the insured to be dissatisfied with an award above the $20,000 minimum and will exercise its option under the trial de novo provision to avoid paying the higher cost. Samek, 341 Ill. App. 3d at 1050. In contrast, where the award is below $20,000, the insured is powerless to

attack it under the trial <u>de novo</u> provision and thus lacks the remedy afforded to the insurance company where the award is high. <u>Samek</u>, 341 Ill. App. 3d at 1050.

Justice Hoffman filed a dissenting opinion, noting that he had "yet to find any argument which supports the proposition that an insured is not likely to reject an award which, although in excess of the minimum liability amount, is far below the amount to which he believes himself entitled." <u>Samek</u>, 341 Ill. App. 3d at 1052 (Hoffman, J., dissenting). Justice Hoffman further stated:

"In <u>Reed v. Farmers Insurance Group</u>, 188 Ill. 2d 168 720 N.E.2d 1052 (1999), the supreme court held that a similar provision in an automobile insurance policy covering arbitration of uninsured-motorist claims did not violate public policy and was fully enforceable. Admittedly, the supreme court's decision in <u>Reed</u> rested upon the fact that the clause in issue was mandated by statute. <u>Reed</u>, 188 Ill. 2d at 174-75. However, I find it somewhat anomalous for the judiciary of this state to find a contractual provision relating to the arbitration of underinsured-motorist claims to be contrary to public policy when, at the same time, an almost identical provision relating to the arbitration of uninsured-motorist claims is mandated by the legislature. As the supreme court has acknowledged, the legislature occupies a superior position in determining public policy (<u>Reed</u>, 188 Ill. 2d at 175), and I can conceive of no difference in the public and private interest factors which are relevant to a determination as to the propriety of permitting trial <u>de novo</u> clauses to be included in arbitration provisions governing uninsured-motorist coverage as compared to those governing underinsured-motorist coverage." <u>Samek</u>, 341

No. 1-05-0713

Ill. App. 3d at 1053 (Hoffman, J., dissenting).

As foreshadowed by Justice Holdridge's and Justice Hoffman's dissents, and the appeal in Kost, the instant appeal involves a case in which the insured seeks to reject an award which, although in excess of the $20,000 minimum liability amount, is below the amount to which he believes himself entitled. The insured seeks to invoke the trial de novo provision, which expressly allows him to demand trial in such an instance. As Justice Holdridge and Justice Hoffman discussed, such a trial de novo provision does not constitute a contract of adhesion, nor does it provide a lack of mutuality, as both the insured and the insurance company have the right to demand trial de novo when the arbitral award exceeds the $20,000 minimum liability amount. Further, the trial de novo provision does not contravene the policy of binding arbitration, as Illinois encourages arbitration even when it is nonbinding. Accordingly, we adopt the reasoning of Justice Holdridge and Justice Hoffman and hold that the trial de novo provisions included in arbitration provisions governing underinsured-motorist coverage do not violate public policy. We respectfully disagree with the majority opinions in Bugailiskis, Parker, and Samek to the extent that they are in conflict with this opinion.

For the foregoing reasons, we reverse the order of the circuit court dismissing plaintiff's complaint and remand for further proceedings.

Reversed and remanded.

GALLAGHER, P.J., and NEVILLE, J., concur.