AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. DIANE STAGG, Defendant-Appellee.

Fifth District    No. 5—08—0088

Opinion filed August 10, 2009.

Beth C. Boggs and Christopher M. Garcia, of Boggs, Avellino, Lach & Boggs, LLC, of St. Louis, Missouri, for appellant.

Earl W. Hubbs, of Brown & Crouppen, P.C., of St. Louis, Missouri, for appellee.

PRESIDING JUSTICE WEXSTTEN delivered the opinion of the court:

The plaintiff, American Family Mutual Insurance Company (American Family), filed in the circuit court of St. Clair County a complaint to enforce an arbitration award. The circuit court granted a motion to dismiss filed by the defendant, Diane Stagg, and American Family appeals. We affirm.

## FACTS

Stagg entered into a contract for automobile insurance with American Family. The policy American Family issued to Stagg included within the underinsured-motorists-coverage endorsement an arbitration provision that provided that American Family or the insured may demand arbitration if the parties failed to agree "[t]hat the person is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle" or "[o]n the amount of payment." The arbitration provision also provided, in pertinent part:

"Any arbitration award not exceeding the minimum limit of the Illinois Safety Responsibility Law:

1. Will be binding; and

2. May be entered as a judgement [sic] in any court having jurisdiction.

***

If any arbitration award exceeds the minimum limit of the Illinois Safety Responsibility Law, either party has a right to trial on issues in any court having jurisdiction."

Stagg subsequently sustained injuries in an automobile collision and collected the at-fault driver's liability insurance limit of $25,000. Stagg invoked her underinsured-motorist coverage and demanded arbitration pursuant to the arbitration provision in her insurance policy. On August 25, 2006, the arbitrators awarded Stagg $36,340.75. In the disposition, the arbitrators stated that the award was subject to a setoff for the $25,000 collected from the at-fault driver and $5,000 for medical payments American Family had paid on her behalf.

On December 18, 2006, American Family filed a complaint requesting the circuit court to enforce an arbitration award of $6,340.75 ($36,340.75 less $25,000 less $5,000), contending that Stagg had not objected to the arbitration award within the time limits imposed by the Illinois Uniform Arbitration Act (Act) (710 ILCS 5/1 *et seq.* (West 2006)). On January 10, 2007, Stagg filed a separate action against American Family, cause No. 07—L—15 in the circuit court of St. Clair County, seeking a trial *de novo* on her underinsured-motorist claim.

On February 2, 2007, American Family filed a motion for a summary judgment, arguing that the court should enforce the arbitration award because Stagg had failed to challenge the award within the applicable time limits and was therefore barred from seeking review. On February 12, 2007, Stagg filed a motion to dismiss American Family's complaint to enforce the arbitration award, alleging that the grounds and time limit for seeking review under the Act were inapplicable because the case involved an issue of contract. On January 17, 2008, the circuit court dismissed American Family's complaint, finding that this case involved an issue of contract. Yet, on the same date, the circuit court granted American Family's complaint and motion for a summary judgment and confirmed the August 25, 2006, arbitration award. On February 15, 2008, the circuit court entered an order finding that it had inadvertently entered two conflicting orders and that its intention was to grant Stagg's motion to dismiss American Family's complaint to enforce the arbitration award. The circuit court vacated the order granting American Family's motion for a summary judgment and acknowledged, as its final judgment, the January 17, 2008, judgment granting Stagg's motion to dismiss. American Family filed a timely notice of appeal.

## ANALYSIS

American Family argues that the arbitrators' award calculated to $6,340.75, which is less than the "minimum limit of the Illinois Safety Responsibility Law" required under the arbitration provision of the insurance policy, and that, thus, Stagg was bound by the arbitration award and prohibited from asserting a right to a trial *de novo* in the

circuit court. See 625 ILCS 5/7—203, 7—601 (West 2006). In response, Stagg argues that the term "arbitration award" as used in the arbitration provision of the insurance policy should be interpreted as the award amount before subtracting the setoff amount, thereby making the arbitration award in this case $36,340.75. If the "arbitration award" in this case was $36,340.75, as Stagg argues, it exceeded the "minimum limit of the Illinois Safety Responsibility Law" and she has a right to a trial in the circuit court pursuant to the language of the insurance policy.

"The Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 2004)) embodies a legislative policy favoring enforcement of agreements to arbitrate future disputes." *Royal Indemnity Co. v. Chicago Hospital Risk Pooling Program*, 372 Ill. App. 3d 104, 110 (2007). "Arbitration is regarded as an effective, expeditious, and cost-efficient method of dispute resolution." *Royal Indemnity Co.*, 372 Ill. App. 3d at 110. "However, while arbitration is a favored method of dispute resolution, our supreme court has consistently cautioned that an agreement to arbitrate is a matter of contract, and the parties to an agreement are bound to arbitrate only those issues they have agreed to arbitrate, as shown by the clear language of the agreement and their intentions expressed in that language." *Royal Indemnity Co.*, 372 Ill. App. 3d at 110, citing *Salsitz v. Kreiss*, 198 Ill. 2d 1, 13 (2001).

■ Under Illinois law, an insurance policy is viewed as a contract and is subject to the general rules governing contract interpretation. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). When interpreting the language of an insurance contract, the court's primary goal is to "ascertain and give effect to the intention of the parties, as expressed in the policy language." *Hobbs*, 214 Ill. 2d at 17. However, "if the terms of the policy are susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy." *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479 (1997). Because the construction of an insurance policy is a question of law, the appropriate standard of review is *de novo*. *Skidmore v. Throgmorton*, 323 Ill. App. 3d 417, 419 (2001). The appropriate standard of review of a circuit court's decision to confirm an arbitration award is also *de novo*. *Salsitz*, 198 Ill. 2d at 15.

■ The plain language of the insurance policy issued by American Family to Stagg provided, "If any arbitration award exceeds the minimum limit of the Illinois Safety Responsibility Law, either party has a right to trial on issues in any court having jurisdiction." The minimum required limit for bodily injury as set forth in the Illinois Safety and Family Financial Responsibility Law is $20,000 per person.

See 625 ILCS 5/7—100 *et seq.* (West 2006). Thus, in the instant case, the arbitration award is binding if it is equal to or less than $20,000. If the arbitration award exceeds $20,000, however, it is not binding and Stagg may reject the award and elect to proceed to a trial in the circuit court.

The term "arbitration award" was not defined in the insurance policy; is subject to more than one meaning, *i.e.*, an award prior to considering setoffs or an award after subtracting setoffs; and is therefore ambiguous. Such an ambiguity is strictly construed against the insurer who drafted the policy. See *American States Insurance Co.*, 177 Ill. 2d at 479. American Family had the opportunity to clearly and unambiguously define "arbitration award" as the amount after setoffs are deducted, yet it failed to do so. As a result, the arbitration award in the present case is considered to be the amount before subtracting setoffs, $36,340.75. Thus, because this amount exceeds $20,000, Stagg has a right to a trial *de novo* in the circuit court.

American Family argues that even if the award is considered to be $36,340.75, greater than the minimum threshold set out in the policy, the circuit court was nevertheless required to confirm the arbitration award because Stagg failed to file an application to vacate the award within the 90-day time limit imposed by sections 12 and 13 of the Act (710 ILCS 5/11, 12, 13 (West 2006)). See *Best Coin-Op, Inc. v. Clementi*, 120 Ill. App. 3d 892, 899 (1983) ("If, within the 90-day period following receipt of the arbitration award, a party fails to assert section 12 grounds for vacatur of an arbitration award, such grounds are barred and a trial court must confirm the award"). In response, Stagg argues that the Act's prescribed grounds and methods for challenging the arbitration award are not applicable in this case because her rejection of the award is not based on the grounds provided by the Act but, instead, is based on the trial *de novo* provision in the contract, which provides an additional basis for a trial in the circuit court. We agree with Stagg.

"Although Illinois case law does support arbitration as a means of settling disputes, Illinois has not gone so far as to change the terms of the contract to mandate binding arbitration when the parties have agreed otherwise." *Mayflower Insurance Co. v. Mahan*, 180 Ill. App. 3d 213, 217 (1988). Pursuant to the insurance policy, Stagg may seek a trial *de novo* in the circuit court because the $36,340.75 arbitration award exceeded $20,000 and was therefore not binding. By arguing that Stagg "never stated any grounds for vacation of the [arbitration] award within the time limits," American Family misses the point. Because the $36,340.75 arbitration award was not binding, Stagg was not required to state grounds to vacate it. Provided that the arbitra-

tion awarded exceeded $20,000, the trial *de novo* provision in the insurance policy granted Stagg the right to a trial in the circuit court and did not mandate time limits or mechanisms for enforcement. Accordingly, pursuant to the insurance policy, Stagg may seek review in the circuit court notwithstanding the 90-day time limits set forth in the Act. See *Mayflower Insurance Co.*, 180 Ill. App. 3d at 215-17 (noting that the arbitration agreement must be construed according to its language, the appellate court allowed the plaintiff to invoke the policy provision permitting a trial in the circuit court and rejected the insurance company's argument that the provision sought to expand the limited jurisdiction of the courts to review the arbitrators' award). We therefore conclude that the circuit court properly dismissed American Family's complaint to enforce the arbitration award.

## CONCLUSION

For the foregoing reasons, the order of the circuit court of St. Clair County dismissing American Family's complaint to enforce the arbitration award is affirmed.

Affirmed.

WELCH and GOLDENHERSH, JJ., concur.